McLAUGHLIN v. BRADDY.

1. NOTE—INDORSEMENT—ASSIGNMENT—ATTORNEY IN FACT.—The title to a promissory note, or to one under seal, may be transferred by indorsement in blank by payee by attorney in fact.

2. IBID.—FAILURE OF CONSIDERATION—FRAUD—DEFENSES.—Where A.

28—63

signs a note at the bottom opposite the printed word "[Seal]" and B. writes his name across the back without a seal before delivery, both are makers, and the note is the negotiable obligation of B. and the sealed obligation of A., and he may set up against holder for value before maturity defenses of failure of consideration and fraud.

Before Buchanan, J., Orangeburg, October term, 1900. Modified.

Action by John and J. B. McLaughlin against T. B. and D. Braddy. From judgment for plaintiff, defendants appeal.

*Messrs. Jas. F. Islar* and *Glaze & Herbert,* for appellant, cite: *A sealed note is not negotiable:* Code, 133; 38 S. C., 147; Harp., 334; 4 Ency., 2 ed., 123, 256, 771; 2 Ency., 2 ed., 1080; 11 Rich., 432; 49 N. Y., 396; 18 S. C., 285; Bigelow's Bills and Notes, 13, 89 Am. Dec., 230; 4 McC., 159; 29 Pa. St., 529. *Is this a sealed note?* 4 McC., 267; 1 McC., 313; 1 Strob., 495; 7 Rich., 11; 50 Am. R., 560; 11 L. R. A., 833. *Is presumption of non-negotiability rebutted by terms of note, "negotiable and payable without defalcation:"* 1 Dan. Neg. Inst., sec. 323; Pom. on Mer. Law., sec. 253. *Can such note be transferred by indorsement in blank?* 1 Dan. Neg. Inst., 28, 29; Pom. Mer. Law, sec. 284; Code, 132; 14 S. C., 621. *Grounds not raised or considered below cannot be urged on appeal to sustain the verdict:* 33 S. C., 505; 23 S. C., 105.

*Messrs. Leroy F. Youmans* and *Raysor & Summers,* contra, cite: *Whatever may be the effect of the law of sealed instruments as to T. B. Braddy, it can have no effect as to D. Braddy, who signed without a seal:* 1 Strob., 445; 41 S. C., 83; 37 S. C., 446; 2 McM., 319; 5 Rich., 310; 9 Rich., 243; 10 Rich., 19; 12 Rich., 170-556; 59 Am. D., 292; 7 Mo., 440; 4 Strob., 15; 2 McC., 271. *The note is negotiable if such intent can be fairly construed from its terms:* 4 Ency., 2 ed., 134; 29 Pa. St., 529; 2 Hill (N. Y.), 59; 12 S. C., 351; 6 S. C., 46; 9 Wall., 274; 13 S. C., 369, 375; 9 Ill., 417;

9 Cranch, 10; 5 S. C., 178; 2 Par. on Con., 721; 1 Dan. Neg. Inst., 4 ed., sec. 32; 1 Harr. (N. J.), 324; 1 Ran. on Com. Pa., 80; 30 Am. D., 566; 15 Ga., 528; Bish. on Con., secs. 11, 52, 1046; 47 Ala., 470; 43 Md., 452, 466; 2 Pa. Dist. K., 273; 1 Strob., 404. *An indorsement on a bond or sealed note operates as an assignment, whether under seal or not:* 7 Rich., 12; 30 S. C., 358; 13 S. C., 431; Voorhis Code, 93, note K; 27 S. C., 132; 8 S. C., 170; 26 Ency., 1 ed., 529; 1 Ala., 671; Code, 165, sub. 2, 169; 12 Rich., 137; 8 S. C., 11; 25 S. C., 315; 6 S. C., 184; Code, 132. *Non-performance of covenants of payee can be no defense to this note in hands of assignee:* 1 Strob., 520; 8 Ency., 2 ed., 51; 6 *Ibid.*, 785; 1 Bail., 217; 13 S. C., 183; 6 Tenn. R. (D. & E.), 570; 4 Mass., 314; 49 N. Y., 396; 40 Am. St. R., 378; 1 Par. on Bills and Notes, 261. *Recitals in note cannot have the effect of charging purchaser for value with equities between maker and payee:* 4 Fed. R., 25; 2 Ld. Raym., 1545; 1 Swan., 295; 4 Sneed., 213; 4 Ency., 89, and note 3, 190, and notes 1 and 2; 1 Dan. Neg. Inst., secs. 796-797; 17 N. Y., 230; 39 La. Ann., 865. *If note is payable without defalcation, no set off is allowed:* 9 S. & R., 193; 2 W. Blackstone, 1269; 1 Espin., 379; 9 Ency., 2 ed., 1166, and note 5; 4 *Id.*, 135, and note 2; 3 Wend., 420; 26 Pa. St., 288. *Notice to affect bona fide holder must be of actual facts which invalidate note:* 20 How., 343; 4 Fed. R., 25.

April 14, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was upon a note as follows: "$135. St. Mathews, S. C., 6, 3, 1898. On or before the 15th day of October, 1898, I promise to pay to the order of Harvey W. Miller, one hundred and thirty-five dollars, for value received, negotiable and payable without defalcation at St. Mathews Savings Bank, St. Mathews, S. C. T. B. Braddy, (Seal).          (Seal). This note is given as part payment on three hundred 'Farmer's Accountants.'" On the back of the note appears the name "D. Braddy," also

"Harvey W. Miller, by J. E. Blythe, atty. in fact." The answer of the defendant, besides a general denial, sets up failure of consideration and alleged fraud. The appeal comes from a judgment in favor of plaintiffs against the defendants for the amount claimed.

At the conclusion of plaintiff's testimony a motion for nonsuit was made upon the following grounds:

"First. That a power of attorney to assign and transfer does not authorize an agent to sell or discount.

"Second. That a power of attorney to assign or transfer a sealed paper, which is in the nature of a bond or obligation, must be under seal.

"Third. That a mere indorsement in blank is not sufficient to transfer the title to a sealed note."

In overruling the motion, the Court, among other matters, held that the note in question was not a sealed note but a negotiable promissory note; that the presumption of nonnegotiability arising from the presence of the word "(Seal)" after the signature was overcome by the terms of the note, declaring it to be "negotiable and payable without defalcation."

As there is no exception in reference to the ruling of the Court as to the first and second grounds mentioned above, they go out of this appeal. The exception to the refusal of the nonsuit is as follows: "I. Because his Honor erred in refusing the defendants' motion for a nonsuit, in that he held that the note sued on was negotiable, notwithstanding the word '*Seal*,' and that the same could be assigned and transferred by indorsement in blank, and thereby ruling out the defenses of failure of consideration and fraud, and all the testimony relating thereto." We see no error in the refusal of nonsuit, although, as shall hereafter appear, we may not agree with the Circuit Court that the note is a negotiable promissory note as to the defendant, T. B. Braddy. Whether the note was a promissory note or a note under seal, the effect of the indorsement in blank by the payee, through his attorney in fact, was to transfer the legal

title to the plaintiffs, to whom the note with such indorsement was sold and delivered.   *Tryon* v. *DeHay,* 7 Rich., 12; *Brown* v. *McWhite,* 30 S. C., 358.

The real question in the case arises on exceptions to the rulings of the Court on trial and to the charge to the jury, by which defendant was prevented from showing the defenses of failure of consideration and fraud, because in the view of the Court the note was a negotiable promissory note, against which such defenses were not available, if the plaintiffs were *bona fide* holders for value before maturity without notice of such matters alleged in defense.   Is the note a sealed note?   We think so, in so far as T. B. Braddy is concerned.   The word and sign "(Seal)" appears after his signature.   This manifests his intention to adopt such as his seal, even though there were no words in the body of the note as "witness my hand and seal," or the like, to indicate that it was intended to be under seal.   The characters "(Seal)" were not made by T. B. Braddy, as the note was prepared by filling out a printed form with "(Seal)" printed thereon, but the fact that he signed his name opposite such characters was an adoption of such characters according to their import, and they bear on their face evidence that they represented the seal.   In the case of *O'Cain* v. *O'Cain,* 1 Strob., 405, Wardlaw, J., said: "For a seal, the letters L. S., with a circumflex, are usually adopted; and where a party who signs does himself make these marks plainly after his name, or with his name before them plainly made on the paper, they furnish of themselves, even without the *opposui sigillum* evidence of his intention to do what they usually denote, to seal."   And in the case, *Relph &c. Co.* v. *Gist, Admr.,* 4 McCord, 271, the Court, by Judge Nott, said: "When a person makes use of a well known symbol or cypher which has usually been employed for the purpose of a seal and no other, the Court will presume that it was annexed for that purpose."   In the case of *Giles* v. *Mauldin,* 7 Rich., 11, the note sued on was upon a printed form, with the blanks filled up in writing.   There were no words in the body of the

note as "witness my hand and seal," or "signed, sealed and delivered," to indicate that it was intended to be under seal. The note was payable to the plaintiff "or bearer," but a printed (L. S.) appeared opposite defendant's signature. The Court of Common Pleas held that the note was a sealed note, and the Court of Appeals refused to disturb the judgment.

Among the cases from other States to the same effect may be cited *Brown* v. *Jordhal,* 32 Minn., 135, 50 Am. Rep., 561; *Osborne* v. *Hubbard,* 11 L. R. A., 833.

Having reached the conclusion that the note as executed by T. B. Braddy was under seal, it must follow, as to him, that it is not a negotiable promissory note under the law merchant, for it is essential to the negotiable character of a note that it be unsealed. *Foster* v. *Floyd,* 4 McC., 159; *Parker* v. *Duke,* 2 McCord, 380; *Patterson* v. *Rabb,* 38 S. C., 148; 4 Ency. Law, 2 ed., 123. The case of *Bank* v. *R. R. Co.,* 5 S. C., 156, does not conflict with this view,' for that case was dealing with the seal of a corporation, and the Court held. that the seal of a corporation was equally appropriate as a means of evidencing its assent to be bound by a simple contract or by a specialty. The presence of a seal does not of itself render the corporation's instrument non-negotiable. 4 Ency. Law, 2 ed., 124. Sec. 133 of the Civil Procedure provides: "In a case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off or other defense existing at the time of or before notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange, transferred in good faith and upon good consideration before due." It was error, therefore, to shut off the defendant, T. B. Braddy, from establishing his alleged defenses.

As to D. Braddy, no seal is attached to his signature, and there was no evidence *aliunde* that he intended to adopt any seal. The case of *O'Cain,* 1 Strob., 402, shows that where a note has been signed and sealed by one person, and another signs his name *under* that of the first signer, but not oppo-

site to his seal, making no seal of his own, and nothing being on the face of the paper sufficiently indicative of the intention to seal, and there being no evidence *aliunde* of intention to seal, the seal of the second person cannot be inferred from his signature alone. The case of *Cockrell* v. *Milling,* I Strob., 444, shows that two may sign the same promise to pay money, one with a seal and the other without, and if the promise is several, both will be bound according to the legal effect of their respective obligations. The evidence in this case was that D. Braddy signed the note by indorsement in blank before its delivery to the payer. This made him a maker of the note, under the authorities in this State. *Stoney* v. *Beaubien, 2* McM., 319; *Watson* v. *Barr,* 37 S. C., 463; *Johnston* v. *McDonald,* 41 S. C., 83. D. Braddy, therefore, having signed without making or adopting a seal, is liable as the maker of a negotiable promissory note, and as to him the alleged defenses were not available, and the ruling and charge of the Court not erroneous. This may seem technical, but such is the law merchant.

The judgment of the Circuit Court as to the defendant, D. Braddy, is affirmed, but as to the defendant, T. B. Braddy, it is reversed, and the case as to him is remanded for a new trial.