### J. C. STEVENSON & CO. v. BETHEA.

1. THE ASSIGNEE of a sealed note takes it subject to all the defenses which the maker had against the original payee.
2. EVIDENCE—LETTER—HARMLESS ERROR.—Admission of a letter from payee of note to assignee asking for discount of assigned note in cash, was harmless error, if at all, under the facts in this case.

Before TOWNSEND, J., Marion, spring term, 1903. Reversed.

Action of claim and delivery by J. C. Stevenson & Co. against Philip W. Bethea. From judgment for plaintiff, defendant appeals.

*Mr. Jas. W. Johnson,* for appellant, cites: *As to inquiry into consideration of written instrument:* 58 S. C., 288; 16 S. C., 352; 41 S. C., 153; 56 S. C., 480. *This note not*

*negotiable:* 28 S. C., 504; 48 S. C., 308; 63 S. C., 438; 4 McC., 159; 38 S. C., 148. *As to consideration of inappropriate allegations:* 61 S. C., 329; 60 S. C., 381; 63 S. C., 569. *As to power of agent:* 1 Ency., 993, 994, 962, 972, 995, 1227, 1027, 1063, 1172; 4 Strob., 427; 3 Rich., 42; 1 Hill, 204; Story on Ag., secs. 78, 98, 99, 113, 115, 126, 128, 131, 132, 133, 135; 10 Rich., 332.

*Mr. R. W. Shand,* also for appellant, cites: *If there is no debt, mortgage is dead:* 38 S. C., 138. *Negotiability of mortgage depends on note secured:* 38 S. C., 138; 42 S. C., 170; 16 Wall., 271. *This note not negotiable:* 28 S. C., 504; 12 Rich., 445; 63 S. C., 438. *Trust in personal property may be proved by parol:* 14 S. C., 217, 116; 2 Bay, 505; 3 Rich., 42. *As to defenses to an unnegotiable note:* 42 S. C., 291; 16 Wall., 273; 38 S. C., 138; 42 S. C., 170; 63 S. C., 433; Kerr on F. & M., 222; 2 Ency., 2 ed., 1080; Mechem on Ag., sec. 786. *As to showing consideration by parol:* 15 S. C., 516; 16 S. C., 358; 11 Rich., 125; 6 Rich. Eq., 299; 157 U. S., 216.

*Messrs. J. M. Johnson* and *Junius H. Evans,* contra, cite: *As to defenses against assigned chattel mortgage:* Jones on Mtgs., sec. 516. *Defendant cannot plead want of or failure of consideration to a sealed instrument:* 11 Rich., 133; 44 S. C., 378; 57 S. C., 95; 53 S. C., 315. *Defendant is estopped from urging defenses pleaded:* Jones on Chat. Mtgs., sec. 508; 27 S. C., 232; 42 S. C., 348; 35 S. C., 620. *As to construction of written contract:* 46 S. C., 220; 59 S. C., 581. *As to setting up of equitable defenses to claim and delivery:* 16 S. C., 371; 15 S. C., 458; 54 S. C., 404; Pom. on Rem., sec. 767.

March 19, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action is brought to enforce by claim and delivery a chattel mortgage after

condition broken. The Circuit Judge in his charge to the jury directed them, if they found as a fact that the note and mortgage were actually made by the defendant, then they must find a verdict for the plaintiff. Such was their finding, hence this appeal.

It seems to us that the pleadings themselves tended to cloud the true issue. In the complaint the note is described as a promissory note, and in the answer it is admitted to be a promissory note. In the evidence furnished by the note itself, when it was introduced, it is shown to have been a sealed note or single bill. There is all the difference in the world in law between a promissory note and a single bill; for when the former is passed for value before maturity into the hands of a new holder, the maker loses all right to question its character. Not so as to a single bill, a sealed note; for when it is assigned to a third person, such third person or assignee takes it with all the infirmities it has when in the possession of the original obligee. The obligor can show that the single bill or sealed note was without consideration, or is void from any cause. These matters are so fully discussed in the cases of *Patterson* v. *Rabb*, 38 S. C., 138, 17 S. E., 463, and also in *McLaughlin* v. *Braddy*, 63 S. C., 438, 41 S. E., 523, that it is useless to discuss them anew. We may, therefore, content ourselves with the bare announcement of the principles governing the two classes of notes. The note made by Phillip W. Bethea, defendant here, to B. S. Ellis was as follows:

"$1.000.00  Zion, South Carolina, June 19th, 1901. By first day of October after date I promise to pay to the order of B. S. Ellis, of Zion, S. C., the sum of one thousand dollars for value received with interest after maturity at the rate of eight per cent. per annum. The party or parties making this note agree to pay all attorneys fees and expenses which may be incurred in its collection. P. W. Bethea. (L. S.)"

It was transferred to the plaintiff, J. S. Stevenson & Co., a few days after it was made. No notice was given by any

one to P. W. Bethea of Ellis' assignment thereof. Under the principle of law governing choses in action in this State, the foregoing note was a sealed note; it was sealed by the defendant, and whatever infirmities or equities existed in favor of P. W. Bethea as to J. B. Ellis, also existed in his favor against J. C. Stevenson & Co., as his assignee. The defendant in his answer sets up that this note, and the mortgage given to secure it, represented no debt due by him to B. S. Ellis, but the sole purpose of their execution was in order that Ellis might raise money for P. W. Bethea, with which Bethea was to pay a debt to a third person, and that Ellis never raised a dollar for Bethea, and also that Bethea is not indebted to J. C. Stevenson & Co. Nor does Bethea owe Ellis anything. Under these circumstances, it was perfectly competent for Bethea, at the trial, to show these facts, which, if established, would have been a complete defense. But it seems the Circuit Judge took a different view of his power to admit such testimony. Herein he erred. This error is set up by the defendant as his third ground of appeal. We do not think there would have been any error by the Circuit Judge in his direction to the jury if this had been, as he supposed, a negotiable or promissory note. We have just held it was a sealed note. The trial Judge was wrong in this particular also. The foregoing is the first ground of appeal.

As to the admission of B. S. Ellis' letter, dated 24 June, 1901, to J. C. Stevenson & Co., if error at all, it was harmless error. Certainly the defendant ought not to complain as to its introduction, for it shows Ellis wished to have had the cash, at least $750, from one of the banks in Wilmington, N. C., from the discount of Bethea's note. It was an afterthought to seek to obtain groceries upon it from Stevenson & Co. This is the second ground of appeal.

We have already held that the Circuit Judge erred, as set out in the fourth exception, in not permitting the defendant to develop his case by offering testimony.

We have thus disposed of the exceptions of defendant by sustaining all but the second.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the action be remanded to the Circuit Court for a new trial.