## 9334

### AMERICAN AGRICULTURAL CHEM. CO. v. HEATON *ET AL.*

#### (88 S. E. 296.)

1. BILLS AND NOTES—PROMISSORY NOTES—MAKERS.—Where defendant signed her name on the back of a piece of paper containing a crop mortgage and note executed by her tenant, and she contended that she did not intend to waive her lien on the crops, she is liable as a maker of the note, for one who writes his name on the back of a promissory note before delivery is a maker.

2. PLEADING—COMPLAINT—ELECTION.—In such case, where the complaint, which was in two counts, alleged defendant's inscribing her name on the back of the paper and her liability as maker of the note or instrument for the payment of money, only one cause of action was stated and one remedy sought, so motion to elect cannot be required.

3. ESTOPPEL—CLAIM IN ACTION.—In such case, defendant having contended that her signature was not a waiver of her landlord's lien, she cannot defeat an action on the note because the chattel mortgage is on the same document.

Before DeVore, J., Greenville, April, 1915.   Affirmed.

Action by the American Agricultural Chemical Company against P. B. Heaton and others, and Mrs. L. E. Butler. From a judgment for plaintiff, the last named defendant appeals.

The complaint in two counts set out the instrument involved, calling it in one count a "note" and in the other an "instrument for the payment of money."

*Mr. J. J. McSwain,* for appellant, cites: *As to construction of instrument:* 2 Spears L. 674; 1 Strob. L. 447; 7 Cyc. 673; Cheves 91; 5 T. R. 482.

*Messrs. Haynsworth & Haynsworth,* for respondent, cite: *As to election of remedies:* 7 Enc. Pl. & Pr. 361; 5 *Ib.* 321, 323; 73 Mo. 172; 56 Iowa 632.   *Liability of third party endorsing note:* 41 S. C. 81; 63 S. C. 433.

March 15, 1916.
The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on a promissory note.

Mrs. Butler, the appellant, is the owner of a tract of land rented to her codefendants.   These tenants gave to the plaintiff-respondent a note and mortgage of the crops raised on Mrs. Butler's land.   The note and mortgage were written on the same piece of paper, and Mrs. Butler wrote her name on the back of the paper.   It might have been a question as to whether Mrs. Butler intended to become a maker or indorser of the note, on the one hand, or

consent to the mortgage, on the other. The mortgage provided that it should be paid out of the first cotton. Mrs. Butler, as landlord, had the first lien on the cotton. One of the possible explanations of her name on the paper might have been that she simply intended to waive her first lien on the cotton. In her answer she claimed that she still had her first lien on the crops. Her name on the paper can, therefore, refer only to the note. When one writes his name on the back of a promissory note, before delivery, he is the maker, in this State. *McLaughlin* v. *Braddy,* 63 S. C. 433, 41 S. E. 523, 90 Am. St. Rep. 681.

The defendant offered no testimony, and a verdict was ordered for the plaintiff.

The defendant appealed on three exceptions:

1. "That his Honor, the presiding Judge, erred in refusing and failing to require the plaintiff to elect which cause of action the plaintiff would rely upon, whether the cause of action charging that appellant is joint maker of the written instrument in question, or is an indorser thereof, and liable in this case as such."

This exception is overruled. There was one cause of action and one remedy sought.

2. "That the presiding Judge erred in holding that the instrument sued on is negotiable, and that the appellant is liable thereon as indorser, or maker. Whereas, the presiding Judge·should have held that the instrument in question is only in the nature of a chattel mortgage and is not negotiable, and the testimony plainly shows that appellant was not and could not have been intended to be one of the joint makers of said chattel mortgage; that she could not be an indorser thereof and liable as such, because from the presence of her name on the back of the chattel mortgage, without an agreement in writing, amounting to a written guaranty over her signature, same would be meaningless and useless, and appellant could not have been liable

as guarantor unless a contract of agreement had been in writing."

This exception is overruled. The mortgage was eliminated from consideration by defendant's answer.

3. "That his Honor, the presiding Judge, erred in not holding that this instrument in question is not a negotiable or promissory note, and the legal presumption arising from the presence of names on the back of the instrument, prior to delivery, does not arise. Further, the presiding Judge erred in failing to hold that the only way that appellant could be held bound as a party to the written instrument in evidence was either as maker or guarantor, and there was no evidence that appellant was either maker or guarantor, and it was error to direct judgment against the appellant upon the written instrument on the evidence in this case."

This exception is overruled. We have seen that the defendant was a maker.

The judgment appealed from is affirmed.