9590

NORWOOD NAT. BANK v. PIEDMONT PUB. CO. *ET AL.*

(91 S. E. 966).

1. BILLS AND NOTES — INDORSEMENT BEFORE DELIVERY — LIABILITY. — Under Negotiable Instruments Act 1914 (28 St. at Large, p. 678), secs. 63, 64, a third person placing his name on the back of a note before delivery is liable as indorser.

2. BILLS AND NOTES — "PRESENTMENT AND DEMAND" — SUFFICIENCY. — Possession by the payee bank of a note payable at its office constitutes a sufficient "presentment and demand."

3. BILLS AND NOTES — NOTICE OF DISHONOR — SUFFICIENCY.—Negotiable Instrument Law, sec. 108, regulating notice of dishonor, is complied with where an extension of time for payment was refused one indorser, and notices mailed to reach both indorsers in the usual course on the day after maturity.

FOOTNOTE.—As to character under uniform negotiable instruments law, of one who places his name on the back of a note prior to, or at the time of delivery, see note in 14 L. R. A. (N. S.) 842. As to such endorsements on nonnegotiable paper, see note in L. R. A. 1916d, 223.

Before MAULDIN, J., Greenville, June, 1916.   Reversed.

Action by the Norwood National Bank against the Piedmont Publishing Company, George R. Koester and Lewis W. Parker. Judgment for defendants, and plaintiff appeals.

*Messrs. McCullough, Martin & Blythe,* for appellant, submit: *That Koester and Parker were makers of the note in question:* 104 S. C. 44; 1 Randolph Com. Paper, secs. 65, 149; 7 Cyc. 560, 614; Neg. Inst. L., sec. 184; 126 Mich. 521; 86 Am. St. Rep. 559; 48 S. C. 308. *Amendment of complaint:* 68 S. C. 403; 91 S. C. 51; 85 S. C. 259; 84 S. C. 268; 81 S. C. 574. *Liability as endorsers:* 7 Cyc. 1112; 2 Brev. 185; 125 S. W. 750; 3 Randolph Com. Papers, secs. 1331, 1332; 125 S. W. 1071; Brannan Neg. Inst. L. 112. *Exclusion of testimony of cashier with defendant since deceased:* 12 L. R. A. 837; 12 Enc. Ev. 789; 102 Wis. 45; 78 N. W. 169; 56 Miss. 444; 79 S. C. 494.

*Messrs. Cothran, Dean & Cothran,* for executors of Parker, respondents, submit: *The relation of the individual defendants to the note was that of endorsers:* Neg. Inst. L., sec. 63; Daniel Neg. Inst., sec. 666; 137 S. W. 790; 139 S. W. 730; 137 S. W. 535. *Change of former rule:* 10 Am. Rep. 256; 170 Fed. 438. *The proposed amendment charging the individual defendants as joint makers was properly refused:* 49 S. C. 413; 51 S. C. 313; 70 S. C. 550. *The individual defendants, as endorsers, were discharged by failure of the bank to present the note for payment on the day it fell due:* Neg. Inst. L., secs. 66, 70, 71, 75; 2 Daniel Neg. Inst. (6th ed.), sec. 970; 1 *Ib.,* sec. 598. *Failure to give notice of nonpayment within time required by law:* Neg. Inst. Law 89; 28 Stats. 668; 2 Daniel Neg. Inst. (6th ed.), sec. 970. *Waiver of presentment and notice:* 29 A. & E. Enc. of L. 1901; 2 Bail. 457; 1 Rich. 370; 1 Bay 291; 2 Nott & M. 479; Rich. Eq. Cas. 62; 14 S. C. 247; 4 A. & E. Enc. of L. 463; 8 Am. Dec. 302; 12

L. R. A. 727; Harp. 526; 26 Gratt. 631; 167 Mass. 486;
44 Atl. 1059; 13 Mich. 263; 16 N. J. L. 397; Clark Ch.
199; 38 S. W. 102; 120 S. W. 43; 125 S. W. 1071;
78 Atl. 1062; Edwards' Bills 650; 17 N. J. L. 487; 12
Peters. 497; 71 Atl. 284; 20 How. 497; 2 Daniel Neg. Inst.
(6th ed.), sec. 1149. *Testimony of cashier as to verbal
notice properly excluded:* 68 S. C. 504. *Relation of stock-
holder in corporation interested:* 1 Cook Stockholders (6th
ed.) 50; 19 Vt. 410; 6 Cal. 80; 5 Hill (N. Y.) 82; 1 Q. B.
422; 4 Cook Stockholders (6th ed.), sec. 51, note; 112
N. Y. App. Div. 378; 39 Hun. 348; 59 Ga. 342; 10 L. R. A.
699; 63 N. E. 1047; 64 N. E. 1109; 61 N. E. 155; 33 S. E.
108; 113 Pac. 483; 27 L. R. A. (N. S.) 816 and 819, note;
23 S. E. 494; 170 S. W. 492; 79 S. C. 494; 40 Ind. 492;
52 Iowa 107; 40 Minn. 152; 107 Pa. 305; 35 Mo. App. 349;
12 Wash. 468; 153 S. W. 369; 112 Pac. 783; 53 So. 228;
121 S. W. 498; 116 S. W. 276; 108 S. W. 254. *Verbal
notice on third day was too late:* Edwards' Bills 558. 565;
2 Hill (N. Y.) 587; 4 A. & E. Enc. of L. 421, 422; 4 Denio
163; 36 N. Y. 107; 1 Speers 244; 44 Md. 205. *Neither the
business relations of the endorsers to the maker, nor their
knowledge that the maker was hopelessly involved and could
not pay the note, can be held to have dispensed with the
requirements of presentment and notice of nonpayment:*
Neg. Inst. Act, secs. 70 and 89; 2 Daniel Neg. Inst. (6th
ed ), secs. 1047, 1085 and 1171; 170 Fed. 437; 2 Brev.
185; 1 Bail. 453; 2 Bay 217; 4 Cranch 141; 2 How. 457;
125 N. W. 750; 125 S. W. 1071. *Waiver must be pleaded:*
72 N. W. 502; 64 N. E. 627; 75 Pac. 1057; 86 Pac. 1113;
14 A. & E. Enc. Pl. & Pr. 1069; Bliss Code Pl., sec. 302.

February 28, 1917.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This was an action by plaintiff against the defendants on
a promissory note.   After issue joined the cause was tried

before Judge Mauldin, and a jury, at the Summer term of
Court for Greenville county, 1916. At the trial it was
announced that the defendant, Lewis W. Parker, had died,
and by agreement and under the order of the Court W. H.
Parker and Hamlin Beattie, his executors, were made par-
ties defendant in his stead. It was further agreed that, in
the event the plaintiff recovered in the action, the plaintiff's
attorney's fees were to be fixed at $25.00. At the close of
all the testimony in the case, both plaintiff and defendants
moved for a directed verdict in their behalf. His Honor,
the presiding Judge, refused the motion for a directed ver-
dict made in behalf of the plaintiff, and granted that of the
defendants, and directed a verdict in their favor. After
entry of judgment plaintiff appealed, and by 16 exceptions
imputes error on the part of his Honor.

Exceptions 1 and 2 complain of error in excluding certain
evidence offered by the plaintiff. Exceptions 3, 4, 5, 6, 7
and 8 complain of error in directing a verdict in favor of
the defendants. Exceptions 9, 10, 11, 12 and 13 complain
of error in not directing a verdict in favor of the plaintiff.
Exception 14 complains of error on the part of his Honor in
his construction of the allegations of the plaintiff's com-
plaint, and exceptions 15 and 16 complain of error in not
allowing motion to amend the complaint.

We will not attempt to discuss the exceptions separately.
The undisputed evidence in the case shows that the defend-
ant, Piedmont Publishing Company, borrowed from the
plaintiff $5,000.00 upon a note for that amount, signed on
the back by Koester and Parker. This note was renewed
from time to time. The last renewal was dated November
4, 1914; each time being signed upon the back thereof
before being presented by the defendant to the plaintiff.
The note by its terms fell due on February 2, 1915, and was
not paid. It was presented for payment at proper place,
and a credit made thereon for $410.97, the amount in
deposit to the credit of the defendant Publishing Company.

476 Norwood Natl. Bk. v. Piedmont Pub. Co. *et al.*

Opinion of the Court. [ 106 S. C.

The cashier of the bank took the matter up with Koester, and by understanding with him placed a further credit on the note for $60.00. About noon, on February 3, 1915, Koester, who was president and editor of the Publishing Company, as well as signer on the back of note, and who understood the situation fully, went to the bank and asked that the note be renewed on the same terms and with the same signers as before. This was declined, but a proposition made by the bank, which was not accepted and carried out by the defendants. Koester discussed the situation with Parker, explaining the financial situation of the Publishing Company and its inability to pay this note. On the afternoon of this same day, February 3, 1915, between 3 o'clock and 6 o'clock, the note was duly protested, and notice of presentment and dishonor, postage prepaid, was duly mailed to both of the defendants, Koester and Parker.

The evidence shows that both defendants had their mail delivered to their rented boxes in the postoffice, and in the usual course of delivery such delivery would be made within 45 minutes after mailing; that is, between 3:45 and 6:45 o'clock in the afternoon of February 3, 1915. At the trial the plaintiff established these facts by proof. The Judge directed a verdict in favor of the defendants, upon the ground that they were indorsers, and had not been notified of the protest and dishonor of the note as the law requires. He put it on the ground that in one paragraph the complaint says that "so and so made a certain note and alleges that the other defendants indorsed the note. As I see it, the complaint is a proceeding upon the theory of maker and indorser. I am going to direct a verdict in this case in favor of the two defendants, L. W. Parker and George R. Koester, upon the grounds stated."

Under the allegations of the complaint the plaintiff had the right to show that the defendants had written their names on the back of the note and indorsed the same, either as makers or indorsers. The mere fact that the complaint

used the words or alleged that the defendants "indorsed" the note did not bind them by their pleadings to an allegation that the defendants were sued as "indorsers" of the note only. This would be putting a very contracted technical construction on the pleadings, and work a hardship and palpable injustice in the case. There is no other inference but that, under the undisputed evidence in this case, the defendants were makers of the note, and not indorsers. It was shown that the original note and series of renewal notes, as well as the note sued on, were signed by Koester and Parker before the notes were presented to the bank. The undisputed evidence is that the note sued on was signed by Koester and Parker before it was presented and accepted by the bank. This made them both makers, and not indorsers. *McLaughlin* v. *Brady,* 63 S. C. 433, 41 S. E. 523, 90 Am. St. Rep. 681; *American Agricultural Co.* v. *Heaton,* 104 S. C. 44, 88 S. E. 296. This being the case, his Honor was in error in directing a verdict for the defendants, and in not directing a verdict for the plaintiff as asked for, and in accordance with the principle announced by this Court in *Pee Dee Naval Stores Co.* v. *Hamer,* 92 S. C. 426, 75 S. E. 695.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded to the Circuit Court, with instructions to the clerk of the Court of Common Pleas for Greenville county to enter up judgment in favor of the plaintiff against the defendants for the sum of $5,000.00 and interest thereon at the rate of 7 per cent. per annum from the maturity of the note, to wit, February 4, 1915, and $25.00 attorney's fees, and $1.25 notary's fees, less $470.97, paid February 3, 1915, thereon.

Judgment reversed and case remanded.

MR. JUSTICE GAGE concurs in result.

MR. JUSTICE HYDRICK, *concurring.* I concur in the result, but dissent from the conclusion that Koester and

Parker were makers of the note.    Under sections 63 and 64 of the Negotiable Instruments Act (28 St. at Large, p. 668) they were indorsers.    The language of the act is too plain to doubt it.    The effect of the act is to change the rule of our previous decisions in cases like this, under which they would have been held to be makers.    The same effect has been given it in every other jurisdiction in which the question has arisen.    See cases cited in respondents' brief.

The contention of respondents that they were released as indorsers because the note was not presented for payment and payment demanded on the day it was due is untenable. It was owned by and in possession of the plaintiff bank at which it was payable, and was there ready to be surrendered on payment.    That was sufficient presentment and demand.    *Bank* v. *Flagg,* 19 S. C. L. (1 Hill) 177, 7 Cyc. 996.    The evidence is susceptible of but one reasonable inference, and that is that verbal and written notice of dishonor was given to the indorsers in compliance with the provisions of section 103 of the act.

For these reasons I concur in the judgment that plaintiff's motion for a directed verdict should have been granted.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur in the opinion of MR. JUSTICE HYDRICK.