RISER v. SOUTHERN RY.

1. MASTER AND SERVANT—NEGLIGENCE—TORT.—A CORPORATION and its servant are jointly liable for the negligence or wilful tort of the servant, although the master has not authorized, directed, participated in, or ratified the tort.
2. EVIDENCE DE BENE ESSE.—A substantial compliance with the requirements of the *de bene esse* statute is sufficient, and the certificate of the notary that it was retained by him, until by him deposited in the postoffice, is sufficient, and it is not material that it appears from the envelope that the certificate was made before placing deposition in envelope, or that certificate and signature of notary are not written across the flap of the envelope.
3. EVIDENCE—EXPERT—PHYSICIAN.—It is incompetent to ask a physician whether the shock of a stated collision produced a stated result.
4. IBID.—OBJECTION to evidence without stating ground, not considered.
5. CHARGE complained of not on facts, but submits to jury question alleged to have been stated affirmatively.

Before IZLAR, special J., Newberry, October, 1902. Affirmed.

Action by Luther A. Riser against Southern Railway Company and Marion Rich. From judgment for plaintiff,

defendants appeal on following exceptions, leaving out those stated in the opinion:

"I. *Motion to require election.*   1.  Error of the presiding Judge in overruling defendant's motion to require plaintiff to elect upon which cause of action stated in the complaint he would proceed to trial, namely, the cause of action based upon ordinary negligence or that based upon wilful tort. These causes of action are separate and distinct from, and inconsistent with, each other.   The act of 1898 relieves plaintiff from election only where the acts of negligence or other wrongs are *several acts,* and where they cause or contribute to the injury.   It is impossible that one act can be both negligently and wilfully done, thus making of one act several distinct, separate and inconsistent acts.   It is equally impossible that an act negligently done should cause or contribute *with* the same act wilfully done *to* the injury complained of, or *vice versa.*

"II. *Demurrer to complaint.*   2.  Error of the presiding Judge in overruling the defendant's demurrer to the complaint, which was as follows: The defendant, Southern Railroad Company, demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, in that: The action is based upon the alleged joint and concurrent tort of the railway company and its conductor.   The facts alleged in the complaint show that the injury was the result solely of the negligence of the conductor, for which in a proper action the railway company may be held liable under the principle of *respondeat superior,* but which does not constitute a case of joint and concurrent tort.

"III. *Objections to the jurisdiction.*   3.  Error of the presiding Judge·in overruling the objections of the defendant to the jurisdiction of the Court, and in refusing the defendant's motion to remove the case to the U. S. Circuit Court. The grounds of said objection and motion being as follows:

" '(1) That the said defendant is a non-resident of the State in which said suit is brought, to wit: the State of South Carolina, but is a corporation under the laws of the

State of Virginia; that the matter and amount in dispute in said suit exceeds, exclusive of interest and costs, the sum or value of $2,000. That the said suit is of a civil nature, being an action for $15,000 for personal injuries to the plaintiff caused on the 26th of September, 1901.

" '(2) That prior to the time when the defendant was required by the laws of South Carolina to answer or plead to the complaint served upon defendant on January 17th, 1902, to wit: on the 6th day of February, 1902, the defendant filed with the clerk of the Court of Common Pleas for Newberry County, South Carolina, its petition for the removal of said cause to the Circuit Court of the United States for the District of South Carolina, setting out the matters and things above set forth and more fully appearing in the said petition, which is now on file with the clerk of this Court, and reference to which is hereby made as constituting a part hereof. That the defendant at the same time offered therewith and caused to be filed with the said clerk a bond with good and sufficient surety for its entering in said Circuit Court of the United States for the District of South Carolina, on the first day of its next session, a copy of the record in this suit, and for paying all costs that may be awarded by said Circuit Court, if said Court shall hold that this suit was wrongfully or improperly removed thereto.

" '(3) That thereafter, to wit: on February 6th, 1902, before the time for answering said complaint expired, the defendant served its answer upon the plaintiff's attorneys, and procured a certified copy of the record in said cause to be filed with the clerk of the Circuit Court of the United States aforesaid.

" '(4) That the defendant is advised that it is the duty of this Court when said petition and bond have been filed, to proceed no further with the cause, that this Court is without jurisdiction to pass any order or render any judgment therein.

" '(5) That to proceed with the trial of this cause under the circumstances will deprive this defendant of a right guar-

anteed by the Constitution and laws of the United States, the right of removal of this cause to the Circuit Court of the United States, under section 639 *et seq.,* Revised Statutes U. S. and acts of Congress amendatory thereof, and United States Constitution, art. III., sec. 2.

" '(6) The complaint states a separable and, therefore, removable case, so far as the Southern Railway Company is concerned.    The facts alleged present a case where a master . is liable only by reason of the sole negligence of a servant, in which the master has had no participation.    The tort is that of the servant; the liability of the master is imputed by law. There is, therefore, no joint tort stated.'

"4. Error of the presiding Judge in holding: 'If it has been removed to the United States Court and Judge Simonton sent it back, it is properly before this Court, and I over-rule the motion.'    The error consisting in his Honor being controlled by the decision of Judge Simonton; whereas, the defendant was entitled to the individual judgment of his Honor upon the question, uninfluenced by Judge Simonton's ruling.

"5. Error of the presiding Judge in holding: 'It cannot be made now.    Having been made over and having been sent back, it cannot be made now' (referring to the motion to remove the cause).    Judge Simonton having granted the motion to remand, from which no appeal lies, the only mode of securing a final decision of the question was to renew the motion in the State Court to remove the cause and to appeal from the ruling therein.

"6. Error of the presiding Judge in holding that the Court of Common Pleas for Newberry County had jurisdiction to hear and determine the cause.

"* * *"

"V. *Motion for nonsuit.* 10. Error of the presiding Judge in not sustaining the first ground of the motion for nonsuit, which was as follows: 'The complaint alleges that the plaintiff's injuries were caused by the joint and concur-rent tort of the defendant.    The evidence does not tend to

sustain this allegation.   On the contrary, if it tends to show any negligence, it is the negligence solely of the defendant, Rich; for which in a proper action the defendant company may be held liable, but which does not make out a case of joint and concurrent tort.'

"11. Error of the presiding Judge in not sustaining the second ground of the motion for nonsuit, which was as follows: 'The plaintiff having alleged a joint and concurrent tort of the defendants, the defendant, Southern Railway Company, a foreign corporation, has been deprived of the right to remove this cause to the United States Court.   He should be required to prove the facts so alleged.   To allow him to proceed in the State Court without some evidence of this fact, would deprive the defendant of a substantial right guaranteed by the Constitution and laws of the United States.'

"12. Error of the presiding Judge in not sustaining the third ground of the motion for nonsuit, which was as follows: 'To allow the plaintiff, after alleging a joint and concurrent tort by a railroad company and one of its employees, to recover without proof of such joint and concurrent tort, but simply on proof of a negligent act of the employee, would deprive the company of its property without due process of law, contrary to amendment XIV. of the Constitution of United States, for this reason: it would deprive the company of the right of reimbursement from the defaulting servant, which would otherwise exist.'

"13. Error of the presiding Judge in not sustaining the fourth ground of the motion for nonsuit, which was as follows: 'A master cannot be held to be a joint tort-feasor with a servant in a wilful or reckless tort calling for punitive damages, unless he has authorized, directed, participated in or ratified the same.'

"VI. *The Judge's charge.* * * *

"17. Error of the presiding Judge in refusing the defendant's first request to charge, which contained a correct proposition of law applicable to the case, as follows: 'The

plaintiff having alleged a joint and concurrent tort of the defendants, the defendant, Southern Railway Company, a foreign corporation, has thereby been deprived of the right existing under other circumstances of removing this cause to the United States Court. To sustain this action, he must, therefore, prove that the acts complained of were the joint and concurrent negligence of the defendants.'

"18. Error of the presiding Judge in refusing the defendant's second request to charge, which contained a correct proposition of law applicable to the case, as follows: 'The negligence of an employee, for which, and on which account only, the employer is liable, is not the joint and concurrent negligence of the employer and employee.'

"19. Error of the presiding Judge in refusing the defendant's third request to charge, which contained a correct proposition of law applicable to the case, as follows: 'To constitute a joint and concurrent tort on the part of employer and employee, it must appear that each had a direct share in such tort. The liability of the employer by reason of his relation to the employee does not make out a case of joint and concurrent tort.'

"20. Error of the presiding Judge in refusing the defendant's fourth request to charge, which contained a correct proposition of law applicable to the case, as follows: 'To allow the plaintiff, after alleging a joint and concurrent tort by a foreign corporation and one of its employees, to recover without proof of such joint and concurrent tort, would deprive such foreign corporation of the right of removal guaranteed by the Constitution and laws of the United States.'

"21. Error of the presiding Judge in refusing the defendant's fifth request to charge, which contained a correct proposition of law applicable to the case, as follows: 'To allow the plaintiff, after alleging a joint and concurrent tort by a railroad company and one of its employees, to recover without proof of such joint and concurrent tort, but simply on proof of a negligent act of the employee, would deprive

the company of its property without due process of law, contrary to amendment XIV., Constitution of United States, for this reason: It would deprive the company of the right of reimbursement from the defaulting servant, which otherwise would exist.'

"22. Error of the presiding Judge in refusing the defendant's sixth request to charge, which contained a correct proposition of law applicable to the case, as follows: 'A master is not responsible in punitive damages for the wilful tort of his servant unless he authorized or ratified it. To hold otherwise would deprive the master of his property without due process of law, contrary to amendment XIV., Constitution of United States.'

"23. Error of the presiding Judge in refusing the defendant's seventh request to charge, which contained a correct proposition of law applicable to the case, as follows: 'A master cannot be held to be a joint tort feasor with his servant in a wilful or reckless tort, calling for punitive damages, unless he has authorized, directed, participated in or ratified the same.

"24. Error of the presiding Judge in refusing the defendant's eighth request to charge, which contained a correct proposition of law applicable to the case, as follows: 'The plaintiff not having alleged in his complaint any injury to his kidneys, is not entitled in this action to recover damages therefor.' "

*Mr. T. P. Cothran, for appellants,* cites: *As to objections to de bene esse evidence:* Code, 1902, 2883; 39 S. C., 410. *Not competent to show that shortly after accident, servant was discharged* 20 Ency., 2 ed., 180; 3 N. Y. St., 257; 46 Ia., 17; 6 Wash., 75; 167 Mass., 483; 1 Am. Neg. Rep., 444; 124 Pa. St., 114; 21 Ency., 2 ed., 522; 51 S. C., 222; 63 S. C., 559. *As to liability of master for wilful tort of servant:* Dud., 270; 5 Rich., 27; 13 Rich., 37; 3 S. C., 1,380; 21 How., 202; 28 S. C., 261; 29 S. C., 265, 381; 37 S. C., 377; 13 S. C., 18; 39 S. C., 194; 58 S. C., 143; 147 U. S.,

101; 68 Am. Dec., 231; 62 Am. Dec., 376; 57 Fed. Cas., 822; 6 Am. Neg. R., 601; 103 Fed. R., 841; 53 S. C., 448; 10 Wis., 388; 11 L. R. A., 691; 44 Conn., 291; 5 Fed. R., 899; 4 Wheat, 235; Cool. on Con. Lim., 438, 439.

*Messrs. Johnstone & Welch,* contra, cite: *As to motion to make complaint more definite and as to election:* 47 S. C., 213; 64 S. C., 104, 494; 65 S. C., 335. *As to objections to jurisdiction:* 116 Fed. R., 215; 65 S. C., 341, 332. *As to objection to de bene esse evidence:* 30 S. C., 158; 39 S. C., 410; 12 Rich., 219. *As to question asked Dr. McIntosh:* 59 S. C., 317. *As to questions raised by motion of nonsuit:* 65 S. C., 341, 332; 116 Fed. R., 215; 15 Ency. P. & P., 561, note 2, 456, 457, 460. *Under allegation of being bruised and wounded, special injury may be shown:* 6 S. C., 139; 60 S. C., 14; 61 S. C., 472.

November 27, 1903.   The opinion of the Court was delivered by

Mr. Justice Gary.   This is an action for $15,000 damages on account of personal injuries sustained by the plaintiff in a railroad collision, on defendant's line, in Richland County, S. C., 26th September, 1901.   The complaint sets forth two causes of action, separately stated—one based upon the joint and concurrent negligence of the defendants, the other upon their joint, concurrent, wilful tort.   The complaint alleges that on the night of the 26th of September, 1901, the plaintiff was in charge of the United States mail as railway mail clerk upon the passenger train of the defendant, Southern Railway Company, No. 16, the evening train from Greenville to Columbia; that said train collided at Fornance with freight train No. 72, the former running into the rear of the latter.   The collision is alleged to have been due to the joint and concurrent negligence and carelessness and fault of defendants in the particulars stated in paragraph 6 of the complaint, the substance of which is, that the defendant, Rich, who was the conductor of No. 72, disobeyed orders

and ran his train ahead of No. 16, without allowing the time required by the rule, and as a result, before he could get his train upon the side track at Fornance, the passenger train ran into the rear of his train, while it was standing upon the main line. The second cause of action states the facts substantially as in the first cause of action, except that the conduct of the defendants is characterized as wanton, wilful and malicious.

The answers of the defendants were separate, and contained a general denial of each and every allegation of the complaint. The jury rendered a verdict in favor of the plaintiff for $8,000. The defendants appealed upon numerous exceptions, which will be set out in the report of the case, except those hereinafter considered.

While the appellants' attorney insists upon the ruling of this Court on the questions presented by the exceptions numbered 1, 2, 3, 4, 5, 6, 10, 11, 12, 13, 17, 18, 19, 20, 21 and 23, he has not argued them, as he is of the opinion that they have been decided by this Court, on previous occasions, adversely to the contention of appellants. He is right in this view, and, such being the case, we deem it only necessary to overrule those exceptions.

The assignment of error by the 7th exception is as follows: "Error of the presiding Judge in admitting in evidence the deposition *de bene esse* of George R. North; the ground of objection by the defendants being that it did not appear that the package, at the time it was proposed to be opened, was sealed under the seal of the notary public, as required by law; on the contrary, it appears that all the notary public proposed to seal was the certificate of deposit with the postmaster, and that was sealed before the deposition was placed in the envelope." A photographic copy of the front and back of the envelope containing the deposition is set out in the record. Upon the back of the envelope there is in typewriting, a certificate signed by J. A. Bell, notary public for North Carolina, to the effect that the deposition was retained in his hands until he personally deposited

it in the United States Postoffice in Charlotte, N. C., duly addressed to John C. Goggans, clerk of the Court, Newberry, S. C. This typewriting extends across the flap of the envelope. The signature of the notary public is in ink and is below this typewriting, but not across the flap of the envelope. The impression of the seal is below the flap and over the notary public's name. These facts are sufficient to bring the case within the provisions of section 2883 of the Code of Laws, which is as follows: "Every deposition taken under the provisions of the two preceding sections shall be retained by the officer taking it, until he delivers it, with his own hand, into the Court for which it was taken, or it shall, together with a certificate of the reasons aforesaid of taking it and of the notice, if any, given to the adverse party, be by such officer sealed up and directed to such Court, either by mail or express, and remain under his seal until opened in Court." The appellants' attorney, however, contends that the following facts show that the package containing the deposition was not sealed in the manner required by law: the impression of the seal shows clear through on the front side of the envelope, one stroke making both impressions; there was no evidence of the impression of the seal upon the contents of the envelope, which consisted of the testimony of the witness, certificate of the notary, &c., showing that the impression of the seal was made before the contents were placed within. When the certificate of the notary public taking the deposition shows that it was retained by him until it was placed in the postoffice properly addressed, and that he personally placed it in the postoffice, it makes no material difference whether he prepared the certificate before or after placing the deposition in the envelope. This is a substantial compliance with the requirements of the statute. By reference to the case of *Travers* v. *Jennings*, 39 S. C., 410, 17 S. E. R., 849, it will be seen that the facts in that case were quite different from those in the case under consideration.

This case falls within the principle stated in *McKenzie* v. *Barnes*, 12 Rich., 205, in which the Court uses this language:

"All the requisitions of these rules were chiefly directory to the commissioners, intended to suggest to them, usually persons beyond the jurisdiction of the Court, means for guarding against frauds which may be practiced upon the depositions taken under the authority intrusted to them.   So far as the requisitions of the rule now of force affect the discretion of the Court itself, a substantial compliance with them, accompanied by appearances of fairness, may serve; whilst the most exact adherence would not countervail evidences of fraud.   The names of commissioners must be 'written by themselves,' yet a commission from Australia would not be ordered to remain unopened until another one was sent to prove the handwriting of the commissioners; for who would prove the handwriting on the second one?   Until the contrary appeared, the handwriting would be presumed genuine.   With like indulgence, names written on a sealed envelope will be considered across the seals until some reason arises for supposing that the seals have been broken.  * * * It has been supposed that 'across the seals' meant to require such arrangement of the names as would prevent breaking of the seals without disturbance of the names.   It is, however, well known that where skillful villainy is exercised upon the fastenings of paper packages, simple expedients relied upon to expose its tricks, serve only to prove treacherous security and delusion.   To the care and fidelity of the commissioners and the vigilant integrity of the postoffice department, the safe return of commissions sent by mail must be confided, and when, as rarely happens, grounds for suspecting unfairness are presented, a literal compliance with directions may be demanded to prevent fraud.   But when there has been a manifest effort to pursue a direction, and its end has been attained, the Court will not allow it to be turned to the defeat of a full and fair trial by nice discriminations between degrees of formality not plainly distinguished by material circumstances.   The prominence given by the plaintiffs, in their argument here, to their first ground of appeal, must be our excuse for the attention we have bestowed on it, so dis-

proportionate to it intrinsic importance." This exception is overruled.

The assignment of error by the 8th exception is as follows: "Error of the presiding Judge in sustaining the plaintiff's objection to the following question asked of Dr. McIntosh: 'Did the shock of that collision produce any injury upon Mr. Riser's kidneys?' Dr. McIntosh was a medical expert; more than that, he attended the plaintiff from the night of the collision, before he was removed from the place of the accident, to the time he left the hospital. His knowledge as an expert and his personal examination of the plaintiff qualified him to answer the question." There are two reasons why this exception cannot be sustained. In the first place, the question propounded to the witness was in antagonism to the rule laid down in *Easler* v. *Ry. Co.*, 59 S. C., 317, 37 S. E. R., 938. The Court has so recently considered the question raised by the exception, that it only deems it necessary to refer to the authority just mentioned. In the second place, the record shows that the witness had already practically answered the question propounded to him. This exception is, therefore, overruled.

The assignment of error presented by the 9th exception is as follows: "Error of the presiding Judge in overruling defendant's objection to the following question asked Mr. Rich: 'When this accident happened, were you retained in the service of the company?' the same being irrelevant." When the defendant's attorney objected to the testimony, he did not state the grounds of his objection. The numerous cases in this State show that the question is not properly before this Court for consideration, and the exception must, therefore, be overruled.

The assignment of error in the 14th and 15th exceptions is as follows:

"14. Error of the presiding Judge in charging the jury as follows: 'The Southern Railway having undertaken to transport the United States mail, was bound to carry the agents in charge of the mail.' The error consisting

in charging as matter of fact, in violation of art. V., sec. 26, Constitution of South Carolina, that the Southern Railway Company had undertaken to transport the United States mail, which was at issue.

"15. Error of the presiding Judge in charging the jury as follows: 'The company owed to this agent, this mail agent, the duty to carry him safely.' The error consisted in charging as matter of fact that plaintiff was a mail agent, and that he was on duty as such at the time of the accident, which facts were at issue, in violation of art. V., sec. 26, Constitution of South Carolina."

Appellants' attorney does not discuss these exceptions in his argument further than to say: "Exceptions 14 and 15 impute error in charging upon the facts. A reference to them is all that is needed, we submit, to be convinced that error was committed." When the charge is considered in its entirety, it will be seen that the presiding Judge submitted the facts at issue to the jury, and likewise charged the jury, that "If the testimony satisfies you that the plaintiff was a mail agent in charge of the United States mail and was on board of the passenger train of the defendant, the Southern Railway Company, at the time of the injuries of which he complains," &c.; thus submitting this specific fact for their determination. There is nothing in the testimony showing that this fact was contested. It seems to have been assumed even by the defendants' witnesses. These exceptions are likewise overruled.

The assignments of error in the 16th and 22d exceptions are as follows:

"16. Error in charging the jury as follows: 'If the said negligent acts were done by the defendant, its agents or servants, wantonly, wilfully and maliciously, such mail agent would be entitled, on proving his case, to not only compensatory but punitive damages.' The error consisting in: (1) holding a master liable for punitive damages for the wilful tort of the servant without authorization, direction, participation or ratification on the master's

part; (2) in an action based upon the joint, wilful tort of master and servant allowing a recovery of punitive damages against the master, upon proof of a wilful tort by the servant without authorization, participation, direction or ratification on the part of the master. In both instances depriving the defendant company of its property without due process of law, contrary to amendment XIV., Constitution of the United States.

"22. Error of the presiding Judge in refusing the defendants' sixth request to charge, which contained a correct proposition of law applicable to the case as follows: 'A master is not responsible in punitive damages for the wilful tort of his servant unless he authorized or ratified it. To hold otherwise, would deprive the master of his property without due process of law, contrary to amendment XIV., Constitution of the United States." The cases cited in the argument of the respondent's attorneys from this State show that the question is settled in South Carolina contrary to his contention. These exceptions are likewise overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

*This case is now in Supreme Court of U. S. on writ of error.*