7789

SHERIDAN v. FRANK SPANGLER CO.

1. WAIVER—ATTACHMENT.—Where a defendant does not appeal from an order refusing to dissolve a nonresident attachment on ground that the nonresident was induced to send his property within the jurisdiction of the Court by false pretenses and deceit and answers to the merits, he thereby waives the right to raise that question in trial on merits.

2. TAKING A DEPOSITION by a third party in presence of the notary, reducing it to writing and carefully reading it over to the witness and subscribed by him is a substantial compliance with the statute.

Before KLUGH, J., Chesterfield, November, 1909. Reversed.

Action by T. J. Sheridan against Frank Spangler Company. Defendant appeals.

*Messrs. J. K. Owens* and *J. J. Evans,* for appellant, cite: *Jurisdiction obtained by collusion is not good:* 11 Cyc. 673; 62 Ill. 35; 5 Fed. 394; 4 Fed. 78; 3 Cyc. 514, 529; 13 Ill. 691; 29 Minn. 46. *Admission of depositions:* 84 S. C. 358; 23 Stat. 1072; 67 S. C. 428; 30 S. C. 153; 39 S. C. 410; 38 S. C. 386; 39 S. C. 308; 81 S. C. 24.

*Messrs. Edward McIver* and *Stevenson & Matheson,* contra, cite: *Defenses to attachment were waived by general appearance:* 46 S. C. 15; 35 S. C. 372; 20 S. C. 93; 61 S. C. 512; 14 Rich. 29. *Deposition irregular:* 29 S. C. 45; 39 S. C. 410; 1 Pet. 351; 15 Wall. 151.

February 27, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. On the 16th of April, 1908, certain property of the defendant was attached at the instance of the plaintiff, to satisfy a claim in the sum of three hundred dollars, on the ground that the defendant was a nonresident.

On the 7th of May, 1908, Mr. J. K. Owens served upon the plaintiff's attorneys a notice that he was retained by, and appeared for the defendant in this action, and demanded that a copy of the complaint be served upon him.

Thereafter, the defendant's attorney served a notice that he would make a motion, on the 7th of June, 1908, for an order vacating the warrant of attachment, and setting aside all services on the following grounds:

"That the defendant was wrongfully, fraudulently and by deceit induced to come within the process of the Court,

and to bring its property within the process of the Court, when the same was attached, and jurisdiction of defendant's property, and of the defendant, thereby obtained.

"On the ground that this defendant is not amenable to process, in this Court and in this action, for the reason that he is not nor did not come voluntarily within the territorial jurisdiction of the Court, and did not voluntarily send its property within the jurisdiction of the Court."

On the 27th of June, 1908, his Honor, Judge Watts, made an order refusing said motion.

On the 10th of July, 1908, the defendant served an answer to the complaint, in which it set forth, substantially, the facts alleged in the said notice of motion, as a defense, concluding as follows:

"That this defendant has duly objected to the judisdiction obtained, and endeavored by motion to have said attachment dismissed, but said motion was overruled, to which action of the Court defendant duly excepted, and that as a result of the connivance, collusion and deceit herein mentioned, defendant has been damaged in the sum of one hundred and fifty dollars."

On the 8th of November, 1909, the case was tried before his Honor, Judge Klugh, and the jury rendered a verdict in favor of the plaintiff.

The defendant appealed, and the first question that will be considered is, whether the presiding Judge erred in ruling that the defendant did not have the right to introduce testimony, for the purpose of showing collusion, in obtaining jurisdiction of the defendant. He stated that there were two reasons why such testimony could not be introduced: (1) Because he could not review the order of his Honor, Judge Watts; and (2) because the defendant, by answering generally, had submitted itself to the jurisdiction of the Court.

Instead of appealing from the order of his Honor, Judge Watts, the defendant answered to the merits after it had knowledge of the alleged collusion.

It thereby waived the right to raise the question of jurisdiction.

This proposition is fully sustained by the authorities cited in the argument of the respondent's attorneys, to which may be added the case of *Jenkins* v. *Ry.*, 84 S. C. 343.

The next question that will be considered is, whether the presiding Judge erred, in refusing to allow the defendant, to introduce certain depositions in evidence.

The plaintiff's attorneys based their objection to the introduction of the depositions, "on the ground that on the report of the notary public, taking these depositions, it appears that they were written down by one Ella Lott, a third person, and the statute strictly prescribes the manner in which they shall be written down, stating that it shall be done by the officer taking the deposition, or by the party himself, in the presence of the officer taking the deposition, and we contend that the depositions are not properly fixed up, and that it does not comply with the terms of the statute."

The notary public, before whom the depositions were taken, certified, among other things, as follows:

"That an oath was duly administered, to each of the said witnesses, and they were cautioned to testify the truth relating to the case, for which depositions were to be taken, and they were carefully examined in relation thereto, and the said depositions were reduced to writing by Nora Lott, a disinterested person, and the said witnesses subscribed to the said testimony, each, respectively, after it had been reduced to writing, and carefully read over to them, in my presence as such notary public."

In the case of *McKenzie* v. *Barnes,* 12 Rich. 205, the principle is thus stated: "So far as the requisitions of the

rule now of force affect the discretion of the Court itself, a substantial compliance with them, accompanied by appearances of fairness, may serve; whilst the most exact adherence would not countervail evidences of fraud * * *. But when there has been a manifest effort to pursue a direction, and its end has been attained, the Court will not allow it to be turned, to the defeat of a full and fair trial, by nice discriminations between degrees of formality, not plainly distinguished by material circumstances." This language is quoted with approval in the case of *Riser* v. *Ry.,* 67 S. C. 419, 46 S. E. 47. A question similar to that now under consideration arose in the case of *Slaughter Co.* v. *Lumber Co.,* 79 S. C. 338, 60 S. E. 705, in which error was assigned, in the admission of testimony *de bene esse,* on the ground that neither the certificate of the officer, nor the deposition, shows that the testimony was reduced to writing by the officer, or by the witness, in his presence; nor that the same was read over to the witness before it was signed by him. The notary public, before whom that testimony was taken, certified: "The foregoing witnesses were examined by me at my office * * *. I further certify that the testimony of each witness was read over to him, before the same was subscribed to." In ruling upon the question then under consideration, this Court said:

"Since the testimony was taken *before* the officer, and read over to the witnesses before they signed it, the provisions of the statute were substantially carried out. If the officer's certificate means that he took the testimony in typewriting himself, the case falls within the ruling above; if the certificate means that a stenographer, in the strict sense, took down the testimony in shorthand and transcribed into typewriting, and the same was read over to the witness before signing, the case falls squarely within the letter of the proviso; if the certificate means that some one took the testimony *before* the officer, upon a typewriter, directly from the witness, and the testimony was read over to the

witness before signing, the case falls, if not within the letter of the statute, certainly within its purpose and meaning, and is substantial compliance."

These authorities are conclusive of the question under consideration, and show that this exception must be sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.