8506

THE McCLAMROCH MARBLE AND TILE CO. *v.* BRISTOW.

EVIDENCE—DE BENE ESSE.—From the word "seal" written across the flap of the envelope in brackets in the same handwriting apparently as the statement written on the other side signed by the notary that it contained the deposition, and from an examination of the envelope, it is evident the notary intended to comply with the statute by his placing the deposition under his seal, and the deposition is valid.

Before WILSON, J., Marlboro, Spring term, 1912. Reversed.

Action by The McClamroch Marble and Tile Company against Harris Bristow.  Plaintiff appeals.

*McColl, McColl & LeGrand,* for appellant, cite: 84 S. C. 359; 87 S. C. 559; 83 S. C. 471, 475; 67 S. C. 429; 39 S. C. 413; 81 S. C. 29; 30 S. C. 157; 57 S. C. 3; 78 S. C. 79.

*Messrs. Townsend & Rogers,* contra, cite: 39 S. C. 410; 72 S. C. 222; 67 S. C. 428; 30 S. C. 153; 83 S. C. 475.

April 3, 1913.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  In this action on an account for goods sold, the plaintiff offered the deposition of H. C. Federal taken *de bene esse.*  Counsel objected on the ground that the statute had not been complied with, in that there was no official seal of the notary who took the deposition on the envelope.  The Circuit Judge sustained the objection and refused to allow the deposition to be opened; and the plaintiff, having no other testimony, a verdict for the defendant was directed.

The statute requires "every deposition taken under the provision of the two preceding sections shall be retained by the officer taking it until he delivers it with his own hand into the Court for which it is taken, or shall, together with a certificate of the reasons as aforesaid of taking it and of the notice, if any, given to the adverse party, be by such officer sealed up and directed to such Court, either by mail or express, and remain under his seal until opened in Court." Civil Code of 1912, section 3987.  It will be observed that the objection is not to the deposition itself, but to the envelope in which it is contained.  On the envelope is written a statement signed by the notary to the effect that it contains

the deposition. On the other side and across the flap of the envelope is written "(Seal)," apparently in the same handwriting. Examination of the envelope makes evident the intention of the notary to comply with the statute by placing the deposition under his seal, by making and adopting the word "Seal" in brackets as his official seal. This being so, it was not fatal that the seal was not placed by his signature. Nor was it material that he did not use a wafer or other more formal method of making his seal. Any character or symbol shown either by the paper itself or by parol evidence to be intended as a seal in compliance with the law is sufficient. *Ralph* v. *Gist,* 4 McC. 267; *McKenzie* v. *Barnes,* 12 Rich. 405; *Travers* v. *Jennings,* 39 S. C. 410, 17 S. E. 849; *McLaughlin* v. *Braddey,* 63 S. C. 433, 41 S. E. 523, 90 Am. St. Rep. 681; *Rivers* v. *Southern Railway,* 67 S. C. 419, 46 S. E. 47. The indorsements on the envelope were, at the most, merely irregular in form, and in substance complied with the law; and the Circuit Judge erred in holding otherwise.

Reversed.