15326

CAINES v. MARION COCA-COLA BOTTLING CO.

(17 S. E. (2d), 315)

*Messrs. Wright & Burroughs* and *Mr. E. S. C. Baker,* all of Conway, for appellant,

*Mr. J. K. Dorman, Mr. Lonnie D. Causey,* and *Messrs. Epps & Epps,* all of Conway, for respondent,

November 10, 1941.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE A. L. GASTON.

The plaintiff recovered a verdict on Circuit before Hon. A. L. Hardee, Special Judge, and a jury on May 1, 1941. This was the third trial on Circuit and is now the second appeal to this Court. The first appeal is reported in 196 S. C., 502, 14 S. E. (2d), 10.

The suit is predicated upon the negligence of the defendant under the Pure Food Statute, Code 1932, § 1452, in selling a bottle of Coca-Cola with a cockroach negligently contained therein. The defendant company further set up contributory negligence on the part of the plaintiff in addition to a general denial.

The appellant's attorneys with characteristic candor have abandoned one set of exceptions based upon the alleged error in the admission of certain testimony as to a statement by plaintiff shortly after he drank the beverage.

The principal ground of the appeal arises out of the exclusion from evidence of a deposition offered by the defendant on the trial. It appears by the record that the appellant offered in evidence an envelope purporting to contain the depositions of P. W. Fattig and J. B. Johnson. The plaintiff objected to the opening of this deposition on the ground that the deposition is not under seal of the party who took it; under no seal at all. Special Judge Hardee refused to permit the envelope to be opened and ruled that the depositions were not admissible "upon the ground that it appears that there is no evidence upon the envelope that it was sealed by the notary public before being mailed and was retained in his possession until sealed and deposited in the mails to be sent to the clerk of court."

The original envelope still unopened is a part of the record on this appeal and is before the Court for inspection and examination as an exhibit in the case.

The appellant states the question thus: "The sole question for decision by the Supreme Court is whether or not

purely technical considerations shall result in exclusion from evidence of testimony which would throw light upon the issue involved in the trial. To put the matter otherwise, the question is the ancient one of how far form should be permitted to go in overriding substance."

The statute which is involved in a consideration of this question appears as Section 708 of the Code of 1932: "Every deposition taken under the provisions of the two preceding sections shall be retained by the officer taking it until he delivers it with his own hand into the court for which it is taken, or shall, together with a certificate of the reasons as aforesaid of taking it and of the notice, if any, given to the adverse party, be by such officer sealed up and directed to such court, and forwarded to such court either by mail or express, and remain under his seal until opened in court."

It is admitted that no seal of the notary public was used; and no scroll nor the letters "L. S." are upon the envelope. The notary's signature is written on the front side of the envelope after the certificate as to its contents, but the signature is omitted on the back side of the envelope. The unsigned certificate appears on the back, and neither certificate is in the apparent handwriting of the notary. The envelope and contents came by registered mail to the Clerk of Court at Conway, S. C. The Atlanta, Georgia, registered mail insignia is imprinted by rubber stamp in five places across the glued up flaps on the back side of the envelope. There is an entire absence of any signature, scroll, or other evidence on the envelope on either side, by the notary public to show that he sealed the envelope, or that he adopted something or anything instead thereof.

The rule is laid down in the case of *Travers v. Jennings et al.*, 39 S. C., 410, 17 S. E., 849, 850, by this Court as follows: "This, it seems to us, ought to be the crucial test in such matters, namely, the adoption, by the party who is required to seal, of something in its stead. * * * If he had used sealing wax, and had stamped thereon his notarial seal, or had used sealing wax, and had writ-

ten his name across the same, or if he had written his name across the flap of the envelope after he had caused it to adhere to the body of the envelope, it seems to us that any one of these methods would have answered the demands of the statute in this respect.

It may be a hardship on the defendant to have to follow the statute and the rule of Court, construing and applying the statute, but it would be a greater hardship upon litigants generally were the Court to declare that there is no fixed rule to be followed. The Court has held that the rule is flexible enough not to require an official or formal seal, but it does require that the notary by some act on his part evince to the Court that the package sent to the Court is his work (*Travers case* above cited), in sealing and mailing it.

All of the cases in this State hold that some safeguard is required and must be complied with by the notary to show that he sealed up and mailed, or sent by express, the package containing the deposition to the Court and that it must remain under his seal until opened in Court. This is a wise and salutary requirement of the statute and is not a mere technicality. If one formality under the statute can be dispensed with, then any or all of them can be so annulled. The statute allows the deposition to be retained by the officer taking it until he delivers it with his own hand into Court. It would no doubt be just as safe to send it by the hand of some other person of recognized integrity, but the law does not permit this substitute method to be made. The alternate method fixed by the statute allows the deposition, together with a certificate of the reasons for taking it, and of the notice, if any, given to the adverse party to be by such officer sealed up and directed to the Court, and forwarded to the Court either by mail or express and remain under his seal until opened in Court. These requirements are rather few and plain, so that "he who runs can read" and understand them, to borrow a biblical expression.

The Circuit Judge based his ruling strictly upon the decision of this Court in the *Travers v. Jennings case, supra.* That case expressly decides the issue now raised and a new trial was ordered by this Court reversing the Circuit Court on the sole ground that the envelope containing the deposition was not under any seal of the notary and this Court held that the deposition was improperly received in evidence. The facts in the *Travers case* are almost identical with the facts in the present case and the differences, if any, are not material. The reasoning of this Court in the *Travers case* need not be repeated here now, but it is inescapable that all points raised now are disposed of in the earlier decision. See pages 412 and 413 of 39 S. C., 17 S. E., 849.

The latter and last case of this Court on this requirement of the statute is *McClamroch Marble & Tile Company v.* *Bristow,* 94 S. C., 252, 77 S. E., 923, 924.

It will be observed that in the *Marble Company case, supra,* the word "(seal)" in brackets was written across the flap of the envelope on the reverse side of the envelope and that "examination of the envelope makes evident the intention of the notary to comply with the statute by placing the deposition under his seal, by making and adopting the word 'seal' in brackets as his official seal." Apparently, therefore, the notary made the symbol or word "Seal" as his act to evince his compliance with the statute. Some act of the notary is required under the statute to seal the envelope; any character or symbol shown either by the paper itself or by parol evidence to be intended as a seal in compliance with the law is sufficient; it is not material that he did not use a wafer or other more formal method of making his seal. But he, that is the notary, must seal the envelope and he must adopt some method of making his seal. *McClamroch Marble Company v. Bristow,* 94 S. C., 252, 77 S. E., 923, 924, and cases cited.

In the case of *Riser v. Southern Railway Company,* 67 S. C., 419, 46 S. E., 47, the notary public signed the type-

written certificate upon the back of the envelope. The signature of the notary public is in ink and is below the typewriting, but not across the flap of the envelope. The certificate shows that it was retained by him until it was placed in the post office, and that he personally placed it in the post office. All of this was upon the back side, or sealed up side, of the envelope. This Court held the foregoing to be a substantial compliance with the requirements of the statute. 67 S. C., 419, 46 S. E., 47, above cited.

In the case of *Hagins v. Aetna Life Insurance Company,* 72 S. C., 216, 51 S. E., 683, this Court held that the deposition should have been rejected under the authority of the *Travers v. Jennings case,* which has not been overruled. The opinion of the Court was written by Mr. Justice Woods in the *Hagins case,* and also later in the case of *McClamroch Marble Company v. Bristow, supra,* and we see no reason now to hold that there is any conflict of authority in this State on this matter, and no reason to feel that any point raised in the present case has been overlooked or misunderstood. Neither brief contains a reference to the two cases above quoted in which the opinions were written by Mr. Justice Woods, but we assume that able and alert counsel for each party are fully cognizant with such cases and, of course, a failure to refer to these cases in argument does not lessen their force and authority. Nor do we find any conflict or inconsistent ruling in the case of *In re Thomas,* D. C., 35 F., 337, cited by appellants, nor could any contrary ruling therein override the decisions of this Court. The U. S. Supreme Court rule is referred to by this Court in the *Travers case,* 39 S. C., at page 412, 17 S. E., 849. We think that this State has followed a consistent line of reasoning and rulings in regard to the mandates of this statute and it is not necessary to go further into cases of other states, nor to other text books or writers, attempting to show that some kind of a seal is no longer necessary and should be abolished as a relic of barbarism.

The case of *McClamroch Marble Company v. Bristow* was submitted to the Judge before he finally ruled. We think the cases sustain the Judge on Circuit in rejecting the proposed envelope and contents as evidence in the case. The exceptions on this point are all categorically considered and overruled.

The two last exceptions are treated together since they arise out of alleged error in connection with the charge to the jury. The exceptions assign error in charging the jury, at respondent's request, that "a person who purchases a beverage manufactured and marketed in this State for human consumption has the right to presume that the manufacturer has complied with the law and put out a pure unadultered product." The errors assigned are that the request as charged: (1) Contradicted and nullified that portion of the charge in which the Court had clearly and properly charged as to the defense of contributory negligence; and (2) amounted to a declaration that one purchasing a bottled beverage in this State is, as a matter of law, relieved of any duty of using his faculties or taking any precautions whatever for his own safety.

The Judge charged the law of contributory negligence to the jury and also had a very full summary of the answer to the jury. The defendant's requests were all charged as submitted. Thereafter the Court fully charged the law as to the defense of contributory negligence. At the conclusion of the charge the Judge asked, Is there anything further for the plaintiff? Plaintiff's attorney then requested the Judge to charge the jury that although a violation of statute is held to be negligence *per se,* it must be shown to be the proximate cause of the injury, if any, complained of to render the defendant liable. The Judge in his own words explained this to the jury. The plaintiff's attorney made this request out of abundance of precaution and, of course, the defendant does not complain as to this. Then followed the request prefaced by this statement that "in connection with your Honor's charge of contributory negligence, I would

suggest that your Honor charge the jury as follows," using the language as shown by the exceptions.

The Court replied, "I think it is reasonable for a party to proceed upon the assumption that the law has been complied with." He stated that he so charged the jury. Upon inquiry then by the Judge, "Anything further for the defendant?" Counsel replied, "Nothing for us, your Honor."

The appellant contends that this nullified the general charge on contributory negligence.

The charge of the Judge must be taken as a whole in its entirety. The request to charge was made "in connection with the charge of contributory negligence." The jury could not be misled into the idea that the rest of the charge was not to be considered. The Court did not repeat the language of the request, but remarked, "I think it is reasonable for a party to proceed upon the assumption that the law has been complied with." No exception is taken to these remarks. However, in fairness to the Judge, and to all parties, it cannot be claimed that the Judge in any way prejudiced the case of either side before the jury by any expressions of his personal view, but on the contrary he dealt upon all of the issues with equal justice and fairness.

The first ground of the exceptions is that the request as charged nullified and contradicted the general charge on the theory that the plaintiff being under the duty to exercise care for his own safety and if he failed to do so, he is guilty of contributory negligence. The question to fact is for the jury. The Court expounds the law to the jury. The request to charge merely stated the law that a person who buys a beverage on the market in this State has the right to presume that the manufacturer has complied with the law by doing what is required under the law, or by not violating the law. The statute specifically prohibits the manufacture of a beverage which is adulterated by consisting of filthy, decomposed or putrid animal or vegetable substance. The request merely supplemented and coupled up

the law as charged with his charge in reference to contributory negligence, and was made in connection with the general charge; so undoubtedly the jury knew that it was a question of fact for them to decide, under all of the law as explained by the Court. Furthermore, the Court has to charge all of the law of the case that applies to any view the jury takes of the facts, and necessarily the issues of fact raised by one party are inconsistent with and contrary to those of the other party. But there is no inconsistency in the law, the law is the same regardless of the conflict of facts.

It is not contended that the law of contributory negligence was not charged, but on the contrary it is undisputed and admitted that the law as to this defense was clearly and ably charged. The appellant agrees that this is a proper defense, citing *Tate v. Mauldin,* 157 S. C., 392, 154 S. E., 431. Appellant is apprehensive that the jury could not, or did not, follow the charge in an understanding way. We quote appellant's brief as follows: "The charge on contributory negligence was complete in itself. Then followed a charge on actual damages, on punitive damages, on the form of verdict, on the duty to render an unbiased verdict and on the causal connection between violation of a statute and the injury complained of. It is asking too much of a jury that, after these principles of law shall have been expounded to them, they shall read into the language of the Court something not expressed by the Court, to wit, that the presumption that a manufacturer has put out a pure, unadulterated product does not relieve the plaintiff of the duty of exercise of care but that the presumption may merely be taken into consideration by the jury in determining whether or not such care has been exercised."

The attorneys for appellant heard the request charged at the time of trial and evidently were not unduly alarmed or over solicitous about it, but replied to the Court that nothing further in behalf of the defendant was requested, in response to the inquiry by the Court.

In fact, the request as charged is not incorrect law. Appellant's Exception No. 8 assigns error only on the ground that it contradicted, nullified and emasculated the law in regard to contributory negligence already charged to the jury. Appellant, by way of analogy, refers to the railroad crossing cases, quoting from *Harrison v. Atlantic C. L. Railroad Company,* 196 S. C., 259, 13 S. E. (2d), 137, and *Cook v. Atlantic C. L. Railroad Company,* 196 S. C., 230, 13 S. E. (2d), 1, 133 A. L. R., 1144, to that effect.

It is conceded by appellant that in the railroad crossing cases a specific duty is imposed by the statute upon the railroads, and that a traveler may presume that the specific duty has been performed or discharged, although without relieving him of the duty to take heed for his own safety. But appellant says no specific duty is imposed by the Pure Food Statute upon the manufacturer to follow a certain specific mechanical procedure such as the use of strainers or screens somewhat similar to ringing a bell or sounding a whistle under the Crossing Statute.

We fail to see any pertinent distinction in this respect as to the duty to obey the law and the right to presume that this has been done, which of course does not excuse a plaintiff or relieve him from his contributory negligence, yet his conduct is to be judged in the light of such presumption. No doubt the Court would have more fully explained the law in regard to presumptions had the defendant so requested or suggested. Certainly the jury was not left under the impression that a manufacturer becomes an insurer of the purity and lack of adulteration of food or drink products by reason of the presumption that the law will be obeyed. The jury was told that the statute makes it unlawful to manufacture or sell any food or drug which is adulterated. Nowhere did the Judge declare or charge that one purchasing a bottled beverage in this State is, as a matter of law, relieved of any duty of using his faculties or taking any precaution whatsoever for his own safety. The plaintiff was not relieved of any obligation to use care for

his own safety, but only was entitled to presume that the defendant obeyed the law. The jury certainly was intelligent and knew what the word presume means and could reasonably infer that the conduct of the plaintiff in the light of such presumption was not negligent; his conduct is to be judged in the light of such presumption. If the jury failed to so understand it was not due to anything charged by the Court. At most the fears of the appellant now are based upon a very intricate refinement of the legal principles involved, and not upon anything said to the jury. It is more reasonable to suppose that the jury understood plain words in an ordinary sense, and were not led astray.

After a very painstaking study of the points raised in this case, we think that the exceptions cannot be sustained.

All exceptions are overruled, and the judgment is sustained, and affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.