7355

### BERRY v. CITY OF GREENVILLE.

1. EVIDENCE—NEGLIGENCE.—Statement of a witness, "I was walking as carefully as I usually walk, I was not walking reckless at all," held to mean that she was not walking in any unusual way.

2. IBID.—IBID.—STREET.—On the issue of negligently leaving a hole in a street, it is competent for a witness to say he saw the hole there a day or two before the accident.

3. PHYSICIAN—NEGLIGENCE.—One injured by the negligence of another is only required to use ordinary care and prudence in securing the services of a physician.

4. CITIES AND TOWNS.—IBID.—The word "neglect" used in section 2023, Code 1902, held to mean negligence, and a city must use ordinary care to keep defects out of the streets.

Before DEVORE, J., Greenville, November term, 1908. Affirmed.°

Action by Mary C. Berry against City of Greenville and City Council of Greenville. From judgment for plaintiff, defendants appeal.

*Mr. William Sirrine,* for appellants, cites: *As to charge on facts,* 47 S. C., 523; 51 S. C., 460; 61 S. C., 556. *Street may not be in good condition, but yet free of defects:* 43 S. C., 399.

*Mr. Jos. A. McCullough,* contra, cites: *One injured is only required to use ordinary care in procuring the services of a physician:* Watson on Damages, sec. 136, 166, note 1.

November 3, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. On the night of 4th of August, 1907, as the plaintiff was leaving the Baptist Church in Greenville on her way home, she fell and was injured by stepping into a hole on the sidewalk of McBee avenue, in front of the church. She recovered judgment against the city of Greenville under the allegation that the hole was a defect caused by the neglect or mismanagement of the municipality.

The first exception alleges error in allowing counsel to ask plaintiff this question: "Tell the Court and jury whether or not, in walking from the steps leading from the church property to the sidewalk, whether you were exercising due care, or walking in a careless and negligent manner?" The record shows that the plaintiff was not allowed to answer the question in this form, the Court saying: "Let her state how she was walking." The answer, "I was walking as carefully as I usually walk. I was not walking restless at all," was competent, its meaning being that the plaintiff was not walking in any unusual way.

We can perceive no ground of objection to the testimony of Dr. Earle that he saw the hole in the street a day or two before the accident. The defendant's answer admitted that the depression or hole was in the sidewalk, the main issue being whether it was negligent to leave it there.

The charge to the effect that the plaintiff was only required to use ordinary care and prudence in securing the service of a physician was in accordance with the settled rule of law. *Louisville etc. R. Co.* v. *Ealvey* (Ind.), 3 N. E., 389; *St. L. etc. Ry. Co.* v. *Johnson* (Tex.), 94 S. W., 162; *Fullerton* v. *Fordyce* (Mo.), 44 S. W., 1053; *Illinois Cent. R. Co.* v. *Gheen* (Ky.), 68 S. W., 1087; *McGarrahan* v. *N. Y. etc. R. Co.* (Mass.), 50 N. E., 610; *Chicago City Ry. Co.* v. *Saxby* (Ill.), 72 N. E., 755; 10 Am. St., 218, and note; 13 Cyc., 77. The Court did not charge that the defendant would be responsible for injuries to the plaintiff not resulting from the tort of the defendant as a proximate cause, but arising from the malpractice of a physician. If the defendant desired an instruction on that point, it should have been requested.

The long extract from the charge alleged to be a charge on the facts was nothing more than the statement of the issues in a concrete form, without the statement of any of the facts.

The "neglect" mentioned in the statute is the same as negligence, which is the want of ordinary care. Hence the instruction that the duty of the city is to use ordinary care to keep defects out of the street was a correct statement of the law. This being the tenor and effect of the charge, taken as a whole, there is no foundation for the exception that the statute was incorrectly construed.

The examination of the record discloses no error, and the judgment of the Circuit Court is affirmed.