### · 7897

#### CORRY v. CITY OF COLUMBIA.

CITIES AND TOWNS—STREETS.—A municipality is only required to use ordinary care in keeping the sidewalks and streets in good repair for the use of ordinary pedestrians. A cripple cannot recover for a small defect into which his crutch slipped when such defect is not dangerous for ordinary pedestrians and the duty rests on him to use due care to avoid such danger.

Before MEMMINGER, J., Richland, December, 1909. Affirmed.

Action by E. E. Corry against City of Columbia in court of Magistrate Jas. H. Fowles. From Circuit order reversing judgment of magistrate, plaintiff appeals.

*Messrs. A. M. Lumpkin* and *C. T. Cunningham,* for appellant, cite: *Party may recover for injury caused by small hole in sidewalk:* 6 N. E. 632; 19 At. 912; 74 Mo. 480; 49 Pac. 489; 32 At. 347; 53 N. E. 1058; 33 N. E. 27; 20 S. E. 355; 23 N. E. 518; Jones on Neg. of Mun. Corp. 189, 185, 176. *A cripple on a sidewalk:* 11 N. Y. Sup. 289; Elliott on Roads and Streets, sec. 636; 1 Allen 177; Jones 426. *Degree of care to be exercised:* 52 N. H. 244; 76 N. Y. 329; 78 S. C. 124; 39 L. R. A. 90; 32 At. 342; Elliott on Roads and Streets, sec. 636. *Cripple is entitled to a safe sidewalk:* 20 N. W. 172. *Notice to the city of defect:* 18 N. Y. 79; 91 Ind. 382; 14 N. E. 166; 54 N. E. 997; 32 At. 342; Jones on

Neg. of Mun. Corp. 361; Elliott on Roads and Streets, sec. 862.

*Mr. Christie Benet,* contra, cites: *Duty of city to pedestrian:* 84 S. C. 122. *Duty of pedestrian:* Thomp. on Neg., sec. 6247; 27 L. R. A. (N. S.) 909.

May 4, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Plaintiff recovered judgment against the defendant municipality in a magistrate's court for $100, as damages alleged to have been sustained through the negligence of defendant in permitting to remain in a defective and unprotected condition a certain hole about three inches in diameter, a broken out disk in one of the cellar lights on the sidewalk on Washington street near the rear of the Carolina National Bank building, whereby plaintiff, a cripple with one leg and compelled to use a crutch, while passing along the sidewalk going towards Main street on the night of April 28, 1909, was violently thrown to the ground and injured, by his crutch going through said hole, without fault on his part.

The Circuit Court, Judge Memminger, reversed the judgment of the magistrate and rendered judgment for the defendant based upon the following conclusions:

"After hearing the pleadings, testimony, report of magistrate, and exceptions and arguments of counsel, I am of opinion that the defect alleged is not of such a dangerous character as to charge the defendant with liability for the action. The hole is not dangerous, nor liable to cause accident or injury to an ordinary pedestrian, nor to any one save a person walking with a crutch, and there being an adequate safe way on the pavement, free of such defects, where even a person with a crutch could walk with safety, it was incumbent on a person with such infirmity to use due care and caution in avoiding such places as, while not dangerous to an ordinary pedestrian, might cause him to fall, especially as

it appeared that the defendant was familiar with the locality and had been drinking at the time of his injury."

There is some evidence tending to support the conclusions of fact by the Circuit Court and hence under the well established rule these conclusions must be accepted as final, and are not reviewable.

The rule governing the duty of the city in the repair of its streets is ordinary care. *Berry* v. *Greenville,* 84 S. C. 122, 65 S. E. 1030.

There was no allegation nor proof that the city authorities had notice of the alleged defect, and there is nothing in the facts found by the Circuit Court to show that the sidewalk was not reasonably safe for ordinary use.

Even if it should be held that a city must so guard the cellar lights or gratings reasonably necessary for the buildings fronting on the street, that one wearing a small heel shoe, or using a walking cane or crutch, should not be endangered by a possible fall arising from the heel or cane or crutch going into one of the small openings, then a corresponding duty must devolve upon such pedestrians to exercise due care to avoid such danger.

The judgment of the Circuit Court is affirmed.