12192

LYNCH v. CITY OF SPARTANBURG

(137 S. E., 743)

1. MUNICIPAL CORPORATIONS—WHETHER INJURIES RECEIVED FROM STEP-
PING THROUGH GRATING OF WATER DRAIN RESULTED FROM CITY'S
NEGLIGENCE OR CONTRIBUTORY NEGLIGENCE HELD FOR JURY.—In ac-
tion against city for injuries received when stepping through grat-
ing of water drain, question of whether injuries were due to negli-
gence of city or to contributory negligence of plaintiff *held* for jury
under evidence.

2. MUNICIPAL CORPORATIONS—TRAVELER MAY ASSUME CITY HAS EXER-
CISED ORDINARY CARE IN KEEPING STREETS REASONABLY SAFE.—Per-
son using city streets, although held to exercise of due care therein,
has right to assume city has discharged and has exercised ordinary
care in keeping streets in reasonably safe condition.

Before FEATHERSTONE, J., Spring term, 1926. Affirmed.

Action by A. J. Lynch against the City of Spartanburg.
Judgment for plaintiff, and defendant appeals. Affirmed.

*Messrs. Lyles, Daniel & Drummond,* for appellant, cite:
*Failure to use senses, contributory negligence as matter of
law:* 88 S. C., 553; 111 S. C., 420; 110 N. Y. S., 857; 148
N. Y. S., 343; 172 S. W., 18; 79 Atl., 550; 35 Pa., 311;
70 S. E., 767; 34 O., 421; 66 Atl. 142; 71 S. E., 631; 8
S. E., 387; 97 S. E., 387; 97 S. E., 211; 41 S. E., 932;
57 S. C., 570; 69 Atl., 748; 74 S. E., 67; 19 S. E., 987;
Id., 179; 37 S. E., 348; 17 S. E., 922; 82 S. E., 323; 43
Atl., 162; 44 S. W., 422; 40 Atl., 418; Id., 818; 61 Atl.,
80. *Jurisdiction contra to S. C., where burden of proving
plaintiff's contributory negligence on city; derive added
strength:* 2 S. E., 727; 102 S. E., 561; 21 S. E., 550; 16
W. Va., 307. *Cases distinguished:* 108 S. C., 208; 66 S.
C., 442; 84 S. C., 122; 107 S. C., 124; 104 S. C., 228; 78
S. C., 124; 70 Atl., 755; 91 S. E., 767.

*Messrs. Nicholls, Wyche & Byrnes,* for respondent, cite:
*Cases distinguished:* 88 S. C., 553; 111 S. C., 420. *Con-
tributory negligence question for jury:* 84 S. C., 122; 106

S. C., 255; 89 S. C., 511; 108 S. C., 288. *Municipality liable for negligent non-action:* 66 S. C., 442; 94 S. C., 375. *Evidence sufficient to go to jury as to city's negligence:* 84 S. C., 122; 107 S. C., 124; 113 S. C., 489; 104 S. C., 228. *Knowledge of defect not conclusive inference as matter of law of contributory negligence or assumption of risk:* 78 S. C., 124. *Pedestrian exercising ordinary care may presume sidewalks in repair:* 65 S. E., 11. *In absence of knowledge to contrary, same:* 90 S. E., 625. *May generally assume in safe condition; not bound to use ordinary care to discover and avoid danger:* 91 S. E., 767. *"Ordinary care:"* 102 S. E., 561.

April 18, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages for personal injuries alleged to have been sustained by the plaintiff through a negligent defect in Magnolia street, one of the defendant's main thoroughfares. The jury returned a verdict for the plaintiff in the sum of $750.00 and the defendant appeals. The appeal raises but one question: Did the trial Judge err in refusing to grant the defendant's motion for a nonsuit, upon the ground that the testimony showed that the plaintiff, as a matter of law, was guilty of contributory negligence?

The testimony tended to show that some time in April, 1925, an election was held in the city of Spartanburg for mayor and aldermen, a voting precinct being at the county courthouse; that the plaintiff, desiring to vote in that election, in company with his wife and mother-in-law; stopped the automobile in which they were riding in front of the courthouse, on Magnolia street, about 2 1/2 feet from the curbing; that the plaintiff stepped out of the automobile and turned around to assist his wife to alight, and in doing so he stepped backwards from the car and placed his foot upon

the grating of a water drain; that his foot went through a hole in the grating, and his leg and knee were painfully injured. The testimony further tended to show that the grating was on the surface of the street and jutted up to and against the curbing, which extended above it about 6 or 8 inches; that the hole in the grating was some 6 or 8 inches square, and was caused by the fact that one of the grating bars, next to the curbing, had been broken out; and that the break was an old one. The defendant's street superintendent, P. J. O. Smith, testified that the grating was old; that the hole was large enough for the plaintiff to fall in as he did; that the witness could not tell how long the hole had been there, but that the break of the bar was not a fresh one; that he had passed there a number of times but had never noticed the hole; and that soon after the accident he replaced the old grating with a new one.

The appellant's contention is that the plaintiff was guilty of contributory negligence, as a matter of law, in stepping backwards onto the grating, without first looking, it being broad daylight, and the plaintiff admitting that he might have seen the hole if he had looked.

We think that the Court would have committed 1, 2 error by granting the defendant's motion for a nonsuit. While the plaintiff was held to the exercise of due care in his use of the streets, he had a right to assume that the defendant had discharged its duty in its exercise of ordinary care (*Berry v. Greenville,* 84 S. C., 122; 65 S. E., 1030; 19 Ann. Cas., 978), in the keeping of its streets in a reasonably safe condition. Under the facts and circumstances, the Court could not say, as a matter of law, that the plaintiff was required to look about him and examine the street before stepping backwards, and that in failing to do so he was guilty of contributory negligence, or that what he did was not what a man of ordinary intelligence and prudence would have done under like circumstances.

The testimony tended to show that the city was negligent in having failed to properly inspect its streets within a reasonable time, and the question of whether the injuries sustained by the plaintiff were due to the negligent acts of the city or to contributory negligence on the part of the plaintiff was properly submitted to the jury, under clear and correct instructions from the Court.

The appellant cites the following South Carolina cases in support of its contention: *Corry v. Columbia,* 88 S. C., 553; 71 S. E., 49. *Aughtry v. Columbia,* 111 S. C., 420; 98 S. E., 195. It rarely ever happens, however, that the facts and circumstances of any two cases are identical, while it frequently happens that cases which appear from a casual reading to be closely analogous are found, upon closer inspection, to differ in essential respects. And, as said by the Court in *Holman v. City of Orangeburg,* 113 S. C., 489; 101 S. C., 834, "Facts make a case."

In the *Corry Case* the Court pointed out that "there is nothing in the facts found by the Circuit Court to show that the sidewalk was not reasonably safe for ordinary use." In the present case the testimony shows that the hole in the grating was so large as to make it dangerous for any user of the street who might step on the grating.

The facts in the *Aughtry Case* are entirely different from those of the case at bar. In that case, the banana peeling lying upon the sidewalk, and on which the plaintiff stepped, with a fall and injury resulting, could have been placed there by some one but a few moments before the accident, and the Court well said: "It did not require expert supervision to detect the banana peeling, or to know of its danger." In the case at bar, the grating was an instrumentality of the city, the defect in which could have been discovered by proper inspection, and, admittedly, no inspection had been made for some time prior to the accident.

We find no error in the ruling of the trial Judge in his refusal to grant the defendant's motion for a nonsuit, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN and CARTER, and ACTING ASSOCIATE JUSTICE WHITING, concur.