13354

PATRICK v. CITY COUNCIL OF CHARLESTON

(162 S. E., 749)

*Mr. J. Waites Waring,* for appellant,

*Messrs. J. C. Long* and *M. L. McCrae,* for respondent,

508

February 23, 1932.

The opinion of the Court was delivered by Mr. Justice Bonham.

The plaintiff brought this action to recover of the defendant damages for an injury which she alleged that she sustained by reason of a defect in a street of the defendant City of Charleston. The complaint alleges that on May 19, 1929, plaintiff, in company with her husband, was walking to St. Luke's Episcopal Church, east, on the north side of Charlotte Street, and was approximately across the intersection of Elizabeth Street with Charlotte Street, and was about to step from the pavement on Elizabeth Street to the middle of the sidewalk on the corner of the intersection of Elizabeth and Charlotte Streets, when her left foot got caught or slipped in a trench, crack, depression, drop, or crevice in the highway or street approximately within 16 inches of the curbing on the corner of Charlotte and Elizabeth Streets; which was a dangerous trench, crack, depression, drop, or crevice in the asphalt paving, which had existed in its highly dangerous condition for many months prior to May, 1929, and that the defendant had notice or knowledge of the existence of said defect, or by reasonable examination or inspection of said Elizabeth Street would have had notice and knowledge of said defect. Plaintiff further alleges that she suffered a severe sprain to her left ankle and leg, that her back was wrenched and her body bruised, all of which necessitated the employment of skilled and expensive medical attention, that plaintiff's ankle for several weeks was treated with adhesive plaster and then placed in a plaster cast, and that plaintiff had to use crutches for more than five weeks after the accident, and that plaintiff is yet unable to

walk without pain and an embarrassing limp and that this injury is permanent.

Plaintiff asks damages actual and punitive in the sum of $10,000.00.

Defendant for answer made general denial; admitted the corporate capacity of the defendant; denied any knowledge of the injuries alleged in the complaint, and denied specifically the allegations of the 9th paragraph of the complaint, which alleges that the injuries which plaintiff sustained were not due to or caused by plaintiff's fault or negligence in any way whatsoever, but were due to the carelessness, negligence, and recklessness of the defendant in the particulars alleged.

The case was tried before Judge Mauldin and a jury at the April, 1931, term of the Court of Common Pleas for Charleston County, and resulted in a verdict for plaintiff in the sum of $1,000.00. At the conclusion of the testimony for plaintiff, defendant moved for nonsuit and directed verdict in its favor "on the grounds that the undisputed testimony offered by the plaintiff shows that the roadway over which plaintiff stumbled or fell that the depression was of such a trivial character that a Court must take judicial notice of the fact that such irregularities must occur in the many miles of streets in the city. The plaintiff has failed to establish actionable negligence on the part of the City Council of Charleston under the statute. That under the plaintiff's own testimony she was not free from contributory negligence. She testified that she was not looking where she was going that had she looked she could have seen, that the place was obvious to any person looking in the roadway, that the condition of the roadway was not a defect in respect to normal ordinary use of the street, though from plaintiff's own testimony it may have been a defect in respect to a person wearing unusually high and narrow heels." The motion for nonsuit and directed verdict was overruled. This appeal is from that order and from the judgment entered on the verdict.

There are four exceptions, which make two questions: Was there evidence of actionable negligence on the part of the defendant? Should the Court have granted the motion for nonsuit and directed verdict because that the only reasonable inference from plaintiff's testimony was that she had negligently brought about or contributed to her injuries?

The argument of appellant's counsel is predicated upon questions of fact arising from the evidence in behalf of the plaintiff, and it rests largely upon the testimony of Jack Lehmann, a witness for the plaintiff. It appears that Lehmann was an employee of the city, in charge of the streets and repairs. It is true that he testified that: "I examined the defect in the street in October, 1929 (the accident occurred May 19, 1929) ; that I did not consider that the defect was dangerous enough to be repaired, there was a depression of not over a quarter of an inch which I did not consider dangerous enough to be repaired. It was a depression, not a hole." He also testified that it was a trivial irregularity such as is found in all city streets. The effect of all his testimony was that the defect was a minor thing; that it was too close to the curb to be dangerous. He further said: "In asphalt you will find it (irregularities), anywhere according to traffic and weather, a little spot can be one place today and tomorrow another place." He further said that he had seen the streets in other cities the size of Charleston— Columbia, Savannah, and others—that this street was comparable with other streets in the cities of the same size.

If there were no other evidence in relation to the nature of the alleged defect in the street than that given by Jack Lehmann, the motion for nonsuit and directed verdict should have been granted. But there is other evidence. John McCrady, a civil engineer, a graduate of Clemson College, testified for the plaintiff. He was asked being shown a plat that he had made, "What does that dark spot on the plat indicate?" He replied, "It indicates a place that looked like it might have been gouged out; it is three feet long, one foot

two inches wide at the south end and ten inches wide at the north end, and from an inch to an inch and one quarter deep; there was one spot where I pushed the rule down two inches." There was other evidence by this witness along the same line. J. R. Burbage testified that he measured the depression in the pavement on May 30, 1929, and that it measured an inch and a half to an inch and three-quarters in depth, and that the depression existed there some months prior to the accident.

In the light of this testimony, the Judge could not have granted the motion for nonsuit and directed verdict because it made decided issues of fact for the determination of the jury.

■ Defendant relies further in support of his motion for nonsuit and directed verdict upon the ground that plaintiff's own testimony showed that she was guilty of negligence which brought about or contributed to her injury. The argument in support of this proposition is that she was not looking where she was stepping, but that she looked up to speak to Mr. Stelling, and while so looking stepped in the hole, and that she was wearing high-heeled shoes which caused her foot to slip into the defect in the street. These are plainly matters of fact for the jury, who heard all of the testimony of the plaintiff and who saw the plat and photographs introduced in evidence.

■ It does not need to cite authorities in support of the statement that it is the settled rule of this Court that, where there is any competent and relevant evidence in support of the allegations of a complaint, it is the duty of the Court to send the case to the jury.

The exceptions are overruled, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN did not participate on account of illness.