Mrs. Henrietta B. ABELES, Plaintiff-Respondent, v. The GREAT
ATLANTIC & PACIFIC TEA CO., Defendant-Appellant and
R. Ashby Johnson and Frances E. Johnson, Defendants-Re-
spondents.

(137 S. E. (2d) 604)

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, *for Appellant,*

*Messrs. Suggs & McCutcheon,* of Conway, *for Plaintiff-Respondent,*

*H. T. Abbott, Esq.,* of Conway, *for Defendants-Respondents,*

August 5, 1964.

Bussey, Justice.

In this action plaintiff-respondent recovered a verdict in the amount of $4,000 against appellant on account of personal injuries sustained by plaintiff as a result of stepping into a hole or depression in the parking area of a supermarket operated by appellant. The respondents Johnson were joined as parties defendant in that they were the owners and lessors of the premises occupied by appellant and alleged to be in joint control of the same. Appellant filed a cross-complaint against the respondents Johnson in which it was alleged that said respondents under the terms of the lease agreed to repair the parking lot; assumed all liability for damages resulting from their failure to perform, and agreed to indemnify and save harmless the appellant against any loss resulting to appellant, by virtue of any of its customers sustaining injury arising out of the respondents Johnson failing to make such repairs.

To this cross-complaint said respondents demurred and, in the course of the trial, the trial judge not only sustained said demurrer, but granted a nonsuit against the plaintiff as to the respondents Johnson.

The principal issue raised on this appeal is stated by the appellant in the following language:

"Was there error in the Trial Judge's refusal of appellant's motions for nonsuit, directed verdict, judgment notwithstanding the verdict, or for a new trial upon the ground that plaintiff's injuries proximately resulted from sole or contributory negligence on her part?"

While the question as stated by appellant refers to the sole negligence of plaintiff as the proximate cause of her injuries, it is not seriously contended that appellant was not negligent. Although appellant admittedly had actual knowledge of the hole or depression where plaintiff was injured for quite a substantial period of time prior to said injury, and had failed to repair the same or take any other precaution thereabout, the trial judge, without exception on the part of plaintiff's counsel, did not submit to the jury any issue of willfulness on the part of the appellant. Therefore, in this state of the record, the real question before the court is whether the evidence is susceptible of any other reasonable inference than that the plaintiff was guilty of simple contributory negligence as a matter of law. In considering this question it is well settled that all of the evidence, as well as the inferences reasonably deducible therefrom, have to be viewed in the light most favorable to the plaintiff, and we proceed to consider the record in that light.

The plaintiff, a 58 year old widow, operated a guest home in Myrtle Beach. The appellant operates two supermarkets in that area. Plaintiff traded with both supermarkets, but only occasionally visited the supermarket where she was injured, doing most of her shopping at the other supermarket. On July 26, 1960, she went to shop at this particular supermarket because of a certain item, or items, being unavailable at the other location. In front of this supermarket there is a sidewalk some eight or ten feet wide, and between this sidewalk and the street there is a parking

area, apparently of considerable size, both the sidewalk and the parking area being a portion of the premises of the supermarket. When plaintiff arrived, she parked her car with the front wheels at the curb of the sidewalk immediately in front of the store, got out on the driver's side, went in and did her shopping, and returned with a bag of groceries in her left arm. Instead of returning to the driver's side of her car, she started to the right side of the car for the purpose of placing her bag of groceries on the seat of the car, and as she stepped off of the sidewalk with her left foot, she stepped into an opening in the pavement of the parking lot with her left foot, falling and spraining her left ankle and otherwise injuring herself. Her injuries thus sustained were somewhat severe and permanent. The opening in the pavement of the parking area was immediately adjacent to the curb of the sidewalk and all witnesses agreed that it was approximately twelve inches square. There is agreement that this twelve inch square opening was not paved, but otherwise the testimony thereabout is at considerable variance. Plaintiff described it as being about six inches deep, and that "it looked like it was a cut off of water supply or drainage, but it looked like it had something to do with water", and that "it was lined with a piece of molding, that square was, which I didn't see anywhere else."

The opening where plaintiff injured herself was promptly paved over by the appellant, or by someone on its behalf, very shortly following the injury to the plaintiff, which fact has nothing to do with this case other than by way of explanation that the only time plaintiff was able to get a good look at the hole was when she was lying in a fallen position immediately following her fall, and no one closely connected with her got an opportunity to look at it so as to be able to describe its actual appearance at the time. Witnesses for the appellant testified that the opening was filled nearly to the top with hard dirt and constituted only a slight slope or depression; further that it was barely noticeable. It was admitted that the appellant had actual knowl-

edge of the existance of this depression or hole for two months and had done nothing to either correct it, or guard it, until after plaintiff was injured. The witnesses were not in agreement as to the height of the sidewalk above the level of the parking area. Estimates as to height varied from as little as four inches to a little less than a foot. A fair and reasonable inference is that its height was in the vicinity of eight inches.

The parking area was in good condition in all other areas and there was no warning sign or barricade around or about the particular opening in the pavement here involved which apparently was located directly in front of one of the doors of the supermarket. The crux of appellant's argument is that plaintiff should have been looking where she was going and should have seen the opening, hole or depression, and that her failure to do so amounts to contributory negligence on her part as a matter of law. On the other hand, plaintiff contends that she was exercising due care for her own safety, and ascribes her failure to see the same to the fact that the opening was not visible to her until she got near the edge of the sidewalk, at which time a view of the opening was obscured by the bag of groceries in her left arm, the opening then being almost directly underneath the bag of groceries.

No case factually in point with the instant case is here cited by either appellant or plaintiff-respondent.

The appellant owed the plaintiff the duty of exercising ordinary care to keep the passageways, sidewalks, parking area and such other parts of its premises, as were used by its customers in transacting business, in a reasonably safe condition. *Bruno v. Pendleton Realty Co.,* 240 S. C. 46, 124 S. E. (2d) 580, 95 A. L. R. (2d) 1333. The evidence here clearly supports the conclusion that appellant was at least negligent, if not willful in failing to perform the said duty.

It is a general rule that everyone has the right to presume that every other person will obey the law, and, in the absence of a reasonable ground to think otherwise, it is not negligent for one to presume that one is not exposed to danger arising only from violation of law or duty by another. *Myers v. Evans,* 225 S. C. 80, 81 S. E. (2d) 32; *Flowers v. South Carolina State Highway Dept.,* 206 S. C. 454, 34 S. E. (2d) 769.

Of course, this presumption to which plaintiff was entitled did not relieve or excuse her from exercising due care for her own safety, but in determining whether or not she was guilty of any failure to exercise such due care, her conduct has to be judged in the light of the foregoing presumption to which she is entitled. *Caines v. Marion Coca-Cola Bottling Co.,* 198 S..C. 204, 17 S. E. (2d) 315. In this connection see also *Harrison v. Atlantic Coast Line R. Co.,* 196 S. C. 259, 13 S. E. (2d) 137, and *Cook v. Atlantic Coast Line R. Co.,* 196 S .C. 230, 13 S. E. (2d) 1, 133 A. L. R. 1144.

It is too well settled to require citation of authority, that negligence or contributory negligence must be determined by consideration of all of the relevant surrounding circumstances. Ordinarly, contributory negligence is an issue for the jury and it rarely becomes a question of law for the court. Where, under all of the circumstances, the evidence is susceptible of more than one reasonable inference as to whether or not a person was guilty of negligence, the case must be submitted to the jury.

Here, in the absence of anything which would put her on notice to the contrary, plaintiff was entitled to presume that appellant would not either willfully or negligently allow an opening in the paved area, such as is reflected here under any view of the evidence, to exist and remain unprotected in the direct path of customers coming in and out of its store. The record is free of any evidence which indicates that plaintiff was put on notice to

the contrary. When she approached and parked, the opening in the pavement was to the right of her automobile and she got out on the left side thereof for the purpose of going into the store. Just how far to the right of her car the hole or depression was, does not appear in the record, and for all the record shows, it could have been concealed by another automobile at the time that plaintiff parked her car. If the testimony of appellant's witnesses as to the appearance of this hole or depression be taken as correct, it was not particularly noticeable to plaintiff either when she went into the store or at anytime thereafter until she had stepped therein.

We conclude that under all of the circumstances the evidence was clearly susceptible of more than one reasonable inference as to whether or not plaintiff was negligent, and, hence, the judge properly submitted to the jury the issue of any contributory negligence on her part.

The only other question raised on appeal is the contention of the appellant that the trial judge erred in sustaining the demurrer of respondents Johnson to its cross-complaint. It is unnecessary to decide this issue. Briefly stated, the demurrer was based on the contention that the cross-complaint of the appellant did not state a cause of action in that (a) any cause of action against the respondents Johnson for indemnity under the lease agreement was premature in that appellant had so far sustained no loss, and (b) that the alleged cause of action did not arise out of the same transaction set forth in the complaint of the plaintiff. The trial judge sustained the demurrer without comment as to the ground or grounds upon which he was sustaining the same. In any event, the respondents Johnson concede that any cause of action which appellant might have against the respondents Johnson is still intact, and unprejudiced by the trial judge having sustained the demurrer to the cross-complaint of the appellant herein. Hence, no prejudice to the appellant is shown.

For the reasons hereinabove set forth, the judgment of the lower court is affirmed.

Affirmed.

TAYLOR, C. J. and MOSS, LEWIS and BRAILSFORD, JJ., concur.