## 18554

Carrie W. KIMBRELL, Respondent, v. BI-LO, INC., Appellant

(150 S. E. (2d) 79)

Messrs. *Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

Messrs. *Carter & Hill,* of Greenville, *for Respondent,*

August 24, 1966.

BUSSEY, Justice.

The plaintiff, Carrie W. Kimbrell, sustained a fall in a self-service grocery store operated by the defendant, Bi-Lo, Inc. This action for her injuries followed, and resulted in a verdict for $3500.00 actual damages. The defendant appeals from the refusal of its timely motions for a verdict by direction of the court and for judgment notwithstanding the verdict.

The complaint alleges that plaintiff, an elderly woman, entered the defendant's store as a customer, through swinging doors, onto a "ramp-like structure with a precipitous incline," of which there was no warning and which was not furnished with a handrail or other support; and that the ramp was "raised above the actual floor level in varying heights and in a manner that could not be detected by plaintiff." The complaint further alleges that the creation and maintenance of the condition complained of was negligent and reckless and resulted in injury to plaintiff.

The answer of the defendant denied the material allegations of the complaint and set up the defense of contributory negligence and willfulness.

The issues of recklessness and willfulness were eliminated at the trial and no exception has been taken. The sole issue here is whether the trial judge erred in refusing to direct a verdict for the defendant, either upon the ground

that the evidence was insufficient to establish actionable negligence on its part, or upon the ground that plaintiff was contributorily negligent as a matter of law.

Access to defendant's store from the public sidewalk is through double doors, set in an eight foot opening, which swing inward. The elevation of the sidewalk is six inches above the floor level. The ramp, of which plaintiff complains, has been installed to accommodate this difference in elevation. It is a wedge like structure occupying the full width of the door opening and extending four feet into the store. The ramp is level with the sidewalk at the entrance and gradually declines to about one inch above floor level at its terminus inside the store. The surface of the ramp is formed by an 8' x 4' sheet of plywood. No signs or warning of any kind were displayed to attract attention to the ramp and it was not protected by a handrail or otherwise.

In considering the issues presented by the appeal, it is, of course, elementary that all of the evidence, as well as the inferences reasonably deducible therefrom, have to be viewed in the light most favorable to the plaintiff.

The plaintiff, an elderly woman, did not drive an automobile and was dependent upon other persons to take her grocery shopping, when and where it suited such people. She did not shop regularly at any one store, but had been in defendant's store some four to six times in the year or so preceding her accident. In shopping, she sometimes did not use a cart at all, and if one was used, it was usually gotten by the person who took her shopping. She had never before gotten a cart in the store of the defendant from the location, to the right of the entrance door, where all carts were on the day of the accident. On one or more occasions, she had gotten a cart from immediately in front of the cashiers' stands which were directly in front of the entrance door.

On the occasion of the accident, she knew that she needed a cart and there were none in front of the cashiers' stands.

She entered through the lefthand door of a double door, the righthand door being at the time bolted. Had the righthand door not been bolted, it would have been available for the natural use of plaintiff and its dimensions were such that, swinging inward, it would have completely guarded the side of the ramp. But the lefthand door through which she had to enter swung inward and the moment she crossed the threshold there was nothing to prevent her from turning immediately to the right toward the only available carts.

With respect to the negligence of the defendant, it should have reasonably anticipated that a customer in entering the store would naturally first obtain a cart in which to place groceries selected for purchase. It knew, or certainly should have known, that the natural inclination of a customer on entering would be to take the most direct route to the location of the carts, and, in doing so, would likely leave the ramp before reaching the floor level, unless some guard or warning was provided to prevent it. The hazard which caused plaintiff's injury was stepping off the unguarded side of the ramp. While the issues of willfulness and recklessness were eliminated from the trial, and no exception to that ruling has been taken, it is, we think, strongly inferable from the testimony adduced from defendant's manager that it was aware of the fact the the unguarded ramp was a potentially dangerous hazard to its customers under the circumstances. In any event, there was ample evidence to support the submission to the jury of the question of negligence on the part of the defendant.

While the question of contributory negligence on the part of the plaintiff is a much closer one, we do not think it can be held, as a matter of law, that the plaintiff was guilty of contributory negligence. The determination of this question has to be arrived at in the light of the well settled principles recently stated by this court in *Abeles v. Great Atlantic & Pacific Tea Co.*, 244 S. C. 508, 137 S. E. (2d) 604, as follows,

"It is a general rule that everyone has the right to presume that every other person will obey the law, and, in the absence of a reasonable ground to think otherwise, it is not negligent for one to presume that one is not exposed to danger arising only from violation of law or duty by another. *Myers v. Evans*, 225 S. C. 80, 81 S. E. (2d) 32; *Flowers v. South Carolina State Highway Dept.*, 206 S. C. 454, 34 S. E. (2d) 769.

"Of course, this presumption to which plaintiff was entitled did not relieve or excuse her from exercising due care for her own safety, but in determining whether or not she was guilty of any failure to exercise such due care, her conduct has to be judged in the light of the forgoing presumption to which she is entitled. *Caines v. Marion Coca-Cola Bottling Co.*, 198 S. C. 204, 17 S. E. (2d) 315. In this connection see also *Harrison v. Atlantic Coast Line R. Co.*, 196 S. C. 259, 13 S. E. (2d) 137, and *Cook v. Atlantic Coast Line R. Co.*, 196 S. C. 230, 13 S. E. (2d) 1, 133 A. L. R. 1144.

"It is too well settled to require the citation of authority, that negligence or contributory negligence must be determined by consideration of all of the relevant surrounding circumstances. Ordinarily, contributory negligence is an issue for the jury and rarely becomes a question of law for the court. Where, under all of the circumstances, the evidence is susceptible of more than one reasonable inference as to whether or not a person was guilty of negligence, the case must be submitted to the jury."

The fact that the plaintiff knew of the ramp and was conscious of its existence at the time is not determinative of the question of contributory negligence.

Since plaintiff knew of the ramp, the absence of a sign warning of its mere existence becomes immaterial. The ramp alone, of which she knew, posed no great hazard to her safety. The location of the ramp, however, in connection with the arrangement of the doors and the location of the

carts did create the precise hazard from which plaintiff's injury resulted, and there was neither any warning nor guard provided to protect her against this causative hazard. The arrangement provided by the defendant constituted an invitation to proceed by the most natural and direct route to the place in the store where she was invited by the defendant to first go. Plaintiff, in the apparent exercise of caution, descended the ramp until, mistakenly, she thought she was at floor level before stepping off of the ramp in the direction of the carts. The contention that she was contributorily negligent is predicated on such miscalculation on her part and her failure to have her eyes focused upon the edge of the ramp at the precise moment that she took the crucial step. But for that crucial moment, the evidence would reflect that she did not fail to look where she was stepping.

While plaintiff did not testify specifically that she was deceived by any similarity between the appearance of the surface of the ramp and that of the floor, and there was evidence as to the difference in shades of green of the original surfaces, it is still clearly inferable from all the evidence that there was a similarity of appearance between the two surfaces. It is reasonably inferable that the miscalculation on the part of the plaintiff was induced by the similarity of appearance of the two surfaces, the absence of any warning or handrail, and the invitation on the part of the defendant to proceed off of the side of the ramp to the carts.

It is reasonably well settled that distractions provided by the defendant for the purpose of attracting the attention of customers and directing their thoughts to the purchase of groceries are properly to be considered in determining the reasonableness of the conduct of the plaintiff who was a customer at the invitation of the defendant. The plaintiff was entitled, in the absence of a reasonable ground to think otherwise, to presume that the defendant would not create a dangerous situation and invite her into it, and her conduct has to be judged in the light of this presumption.

The question before us is simply, whether under all of the circumstances the plaintiff failed to exercise that degree of care for her own safety which would have been exercised under the same circumstances by a person of ordinary prudence and reason. The evidence is clearly susceptible of more than one reasonable inference thereabout and the issue of any contributory negligence on the part of the plaintiff was properly submitted to the jury. The judgment of the lower court is accordingly affirmed.

Moss, C. J., and Lewis, J., concur.

William L. Rhodes, Jr., Acting Associate Justice, did not participate.

Brailsford, Justice (dissenting):

The issue of willfulness having been eliminated from the case at the trial, I am convinced that defendant's motion for a directed verdict on the ground of plaintiff's contributory negligence should have been granted. Therefore, I respectfully dissent.

I am mindful that the issue of contributory negligence is ordinarily for the jury and may not soundly be resolved against plaintiff on a motion for directed verdict unless, viewing the evidence in the light most favorable to plaintiff, only one reasonable inference may be drawn. This is such a case. The ramp was open and visible to plaintiff and she saw it. The absence of handrails was obvious to her. She knew that the ramp was constructed with a gradual slope to accommodate the difference in elevation between the sidewalk and the floor. She could see and knew that there was gradually decreasing step-down from the side of the ramp to the floor, and that there was a slight step-down, approximately one inch according to the pictures in evidence, at the end of the ramp. The hazard, if any, which the unguarded ramp presented to plaintiff was that she might step off without taking into account the difference in elevation and thus lose her balance. Plaintiff owed a duty, in the exercise of due care, to protect herself from this open and

obvious hazard by being attentive during the brief interval required to clear the four foot ramp or to step off the side of it. Instead, she looked toward the grocery buggies, which were against the right wall of the store, and stepped in that direction, unmindful of the drop-off at the side of the ramp, which caused her to fall. There is no testimony that the entrance was crowded or that plaintiff was impeded or distracted in traversing the ramp. She undertakes to explain her inattention to the requirements of the situation by stating that she thought she was at floor level when she turned to the right. There is no evidence that the defendant in any way contributed to this miscalculation on her part. Plaintiff did not testify that she was deceived by any similarity between the surface of the ramp and that of the floor. The inference is clear that if she had looked, she could have seen the slight step-down at the point where she fell and proceeded with safety. The only reasonable inference is that due care under the circumstances required her to look and that she was guilty of contributory negligence in failing to do so.

Plaintiff argues that it was for the jury to say whether her failure to look was excusable under the principles announced in *Conner v. Farmers and Merchants Bank,* 243 S. C. 132, 132 S. E. (2d) 385. *Conner* applied the rule that forgetfulness or inattention to a known danger may be excused where sufficiently distracting influences are present. However, the following limitation of the doctrine, which we quote from the opinion, shows its inapplicability to the facts of this case.

"* * * In order to keep forgetfulness of, or inattention to, a known danger from constituting contributory negligence as a matter of law, the evidence must be such as to give rise to a reasonable inference that the forgetfulness or inattention relied upon was induced by some immediate, substantial and adequate disturbing cause, to be determined in the light of the exigencies of the situation and the facts and

circumstances of the particular occasion." 243 S. C. 142, 143, 132 (2d) 385, 390.

For the reasons stated, I am of the opinion that the judgment should be reversed.