1640

Jannie BRYANT, Respondent v. The CITY OF NORTH CHARLESTON, Appellant.

(403 S.E. (2d) 159)

Court of Appeals

*James A. Stuckey, Jr.,* of *Stuckey & Kobrovsky,* Charleston, and *James E. Gonzales,* of *Gonzales & Gonzales,* North Charleston, *for appellant.*

*Mark A. Mason,* of *Mason & Robertson,* Mount Pleasant, *for respondent.*

Heard March 12, 1991; Decided April 1, 1991.

Rehearing Denied April 19, 1991.

SANDERS, Chief Judge:

Respondent Jannie Bryant sued appellant The City of North Charleston, alleging she was injured when "she fell into an unguarded hole on the City sidewalk." The jury returned a verdict for Mrs. Bryant. The City appeals. We affirm.

The City raises five issues on appeal which we address seriatim. Its argument on the first issue is the most compelling.

# I
## WHETHER MRS. BRYANT WAS GUILTY OF CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW

Mrs. Bryant is 80 years old. Her granddaughter drove her to a fabric store in North Charleston. She got out of the car, walked a short distance, and stepped on an A-frame barricade which had been laid flat over a depression in the sidewalk. She fell, breaking her right arm. Mrs. Bryant testified that she did not see the barricade. When asked whether there was anything that prevented her from seeing it, she answered, "I didn't look down. I was looking straight ahead where I was going." This was the third time someone had been injured at the site. The Superintendent of Public Works for the City agreed that, when a barricade is laid down, "people are likely to trip over it." The City argues, in essence, that Mrs. Bryant was guilty of contributory negligence as a matter of law because, as she walked toward the fabric store, she did not look down and see the barricade laid flat over the depression in the sidewalk.

"The issue of contributory negligence is ordinarily a question of fact for the jury and only in rare instances is the issue a question of law for the court." *Niver v. S.C. Dep't of Highways and Public Transp.*, — S.C. —, —, 395 S.E. (2d) 728, 731 (Ct. App. 1990). It is not within our province to tell this 80-year-old woman how to walk. A number of decisions by our Supreme Court support the conclusion that she was not guilty of contributory negligence as a matter of law. *See, e.g., Kimbrell v. Bi-Lo Inc.*, 248 S.C. 365, 150 S.E. (2d) 79 (1966); *Abeles v. Great Atlantic & Pacific Tea Co.*, 244 S.C. 508, 137 S.E. (2d) 604 (1964); *Smiley v. Southern R. Co.*, 184 S.C. 130, 191 S.E. 895 (1937); *Landreth v. Atlantic Ref. Co.*, 177 S.C. 490, 181 S.E. 727 (1935); *Patrick v. City Council of Charleston*, 164 S.C. 507, 162 S.E. 749 (1932); *Lynch v. City of Spartanburg*, 139 S.C. 295, 137 S.E. 743 (1927). In each of these cases, the defendant argued the plaintiff was guilty of contributory negligence as a matter of law because the plaintiff should have been looking where he or she was walking. In each case, the

Supreme Court rejected the argument, holding that the issue of contributory negligence was an issue of fact for the jury. In *Kimbrell,* the Court explicitly held the plaintiff had the right to presume the absence of the defect that caused the fall.

The City relies on the case of *Wilson v. F.W. Woolworth Co.,* 225 S.C. 528, 83 S.E. (2d) 166 (1954). In that case, the Court held the plaintiff was guilty of contributory negligence as a matter of law. There, similar to here, the plaintiff fell into a hole in the sidewalk. The case is, however, otherwise distinguishable from the instant case. There, unlike here, the existence of the hazard was readily apparent, even without looking down at it. The hole was a manhole, which existed to receive deliveries of coal. At the time the plaintiff fell, a truck loaded with coal was parked opposite the manhole. A coal chute, fifteen feet or more in length, was attached to the truck and positioned to deliver coal into the manhole. In the words of the Court: "As erected, the chute created a clearly visible open, patent and obvious obstruction of the sidewalk from the curb up to the immediate vicinity of the edge of the manhole." In addition, two men were sitting at the end of the chute, working on it. Inexplicably, the plaintiff somehow failed to see the coal truck, the coal chute, the two men, or the manhole. Apparently, he was looking neither up, down, nor straight ahead.

The remaining issues are less difficult.

## II
## WHETHER THE CITY OWED MRS. BRYANT
## "A DUTY OF CARE"

The City argues that, because it did not own or maintain the sidewalk where Mrs. Bryant fell, it did not owe her any legal duty. The City initially admitted that it "routinely maintained the sidewalk at the location of the accident." Thereafter, the City moved to withdraw and amend its admission based on the deposition testimony of its Superintendent of Public Works and Mayor. In its motion, the City asserted they testified "that the sidewalk at the location of the accident was owned and maintained by the South Carolina Department of Highways and Public Transportation and the City of North Charleston did not own or maintain it except on

a rare emergency basis." The admission ultimately published to the jury, without objection, was that "the City of North Charleston would maintain the sidewalk at the location of the accident only in an emergency situation."

The Superintendent of Public Works was considerably more enlightening on the point. The sidewalk in question is within the City limits. The Superintendent agreed that he periodically inspected the streets and sidewalks in the City. He agreed that his office is the appropriate place to call with a complaint about a "City sidewalk." He agreed that, where a dangerous situation exists, it is not unusual for him to repair a street, even though the street is supposed to be "State maintained." More significantly, he agreed that, if he saw a barricade lying down, he would "set it up and correct that situation immediately." He did not say so, but it may be inferred from other evidence that the barricade in question was placed at the site of the accident by the City.

The admission by the City, together with the testimony of its Superintendent and the evidence that the City placed the barricade at the site of the accident, is evidence that the City assumed the duty to maintain the sidewalk in question. *See Crowley v. Spivey*, 285 S.C. 397, 406, 329 S.E. (2d) 774, 780 (Ct. App. 1985) ("[O]ne who assumes to act, even though under no obligation to do so, may become subject to the duty to act with due care."). The fact that the Department of Highways and Public Transportation owns and maintains the sidewalk does not prevent the City from undertaking its maintenance. S.C. Code Ann. § 57-5-140 (1991).

## III
## WHETHER THE CITY HAD NOTICE THAT THE BARRICADE PRESENTED A HAZARDOUS CONDITION

There is abundant evidence from which it can be inferred that the City did have notice. As we have said, the Superintendent of Public Works testified that he periodically inspected the sidewalks in the City. A witness, who worked nearby, testified that the barricade had been down for more than a year. She further testified that she had repeatedly called the City about the depression in the side-

walk and that she had also called about the fact the barricade was not standing.

## IV
## WHETHER THE TRIAL JUDGE ERRED
## IN CHARGING THE JURY

We have reviewed the charge as a whole and discern no error. *See Jones v. Cannerella,* 297 S.C. 212, 215, 375 S.E. (2d) 352, 354 (Ct. App. 1988) ("A trial charge must be considered as a whole and claims of error in a portion of the charge must be viewed in light of and in context with the rest of the charge."). The City argues that the judge should have charged those principles of law articulated in *Neil v. Byrum,* 288 S.C. 472, 343 S.E. (2d) 615 (1986). *Neil* defines the standard of care owed a licensee, not a public invitee. *See* Restatement (Second) of Torts § 332(2) (1965) ("A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public."); *Id.* at § 341A comment a ("Unlike a licensee, an invitee enters the premises with the implied assurance of preparation and reasonable care for his protection and safety while he is there.").

## V

## WHETHER THE JUDGMENT SHOULD BE REVERSED
## BECAUSE MRS. BRYANT'S LAWYER MADE AN
## IMPROPER ARGUMENT TO THE JURY

The City never objected to the argument. *See Columbia (SC) Teachers Fed. Credit Union v. Newsome Chevrolet-Buick, Inc.,* — S.C. —, 399 S.E. (2d) 444 (S.C. Ct. App. 1990) (Where the appellant did not make and preserve an objection, "[w]e will not consider the matter for the first time on appeal.").

Affirmed.

GARDNER and GOOLSBY, JJ., concur.